## CHARLES FLOECK V. THE STATE.

### *No. 632. Decided April 10.*

1. **Liquor Dealer—Prima Facie Evidence—Constitutional Law.**—The Act of May 6, 1893, regulating the sale of spirituous, etc., liquors, in section 7 provides, that the payment of the United States special tax as a seller of such liquors shall be held to be prima facie evidence that the person or persons paying such tax are engaged in selling such liquors. *Held*, that said act is not an infringment upon nor violative of article 1, section 15, of the State Constitution, which declares, that the right of trial by jury shall forever remain inviolate.

2. **Power of the Legislature—Rules of Evidence.**—It is within the power of the Legislature, under the constitutional limitations, to change or alter rules of evidence and procedure of the courts.

3. **Reasonableness and Conclusiveness of the Rule Established by Section 7, Act of May 6, 1893.**—The statutory rule, making Federal license to pursue the occupation of a liquor dealer prima facie evidence that the party pursued the occupation for the time specified in the license, and the presumption that he paid out his money for such license in order that he might pursue such occupation, are not unreasonable. But this presumption is by no means a conclusive one.

4. **"Prima Facie" Evidence—Meaning of—How Weighed.**—"Prima facie" evidence is merely proof of the case upon which the jury may find a verdict, unless rebutted by other evidence. In other words, prima facie evidence is not conclusive, but such as may be overcome by evidence to the contrary; and such evidence is to be weighed together with the other evidence, and in connection with the reasonable doubt and presumption of innocence which obtain in all criminal trials.

5. **Titles to Legislative Acts—Subject Matter—Constitutional Law.**—Article 3, section 35, of the Constitution, requires, that the subject matter of a legislative act shall be embraced in the title. This provision has generally been liberally construed. The generality of a title is no objection to an act, so long as it is not made a cover to legislation incongruous in itself, and which, by no fair intendment, can be considered as having a necessary or proper connection. *Held*, that the title to the Act of May 6, 1893, regulating the sale of spirituous and other liquors, does not contravene the constitutional provision mentioned.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. E. D. CAVIN.

This appeal is from a conviction for selling spirituous and other intoxicating liquors in quantities of one gallon and less, without first obtaining a license, the punishment assessed being confinement in the county jail for a period of ten days.

The case is sufficiently stated in the opinion.

*Perryman & Bullit, Oliver & Oliver*, and *Chas. E. Ashe*, for appellant.

The court erred in the following paragraph of its charge, to wit: "By the law of this State, the payment of the United States special tax as a seller of spirituous and vinous or malt liquors, shall be held to be prima facie evidence that the person paying such tax is engaged in selling such liquors. By prima facie evidence is meant not that the evidence is conclusive, but that it may be rebutted or overcome by evidence to the contrary." Because (1) this part of the court's charge is upon the weight of the evidence; (2) said paragraph of said charge

gave greater force and effect to the circumstance of defendant having paid the United States special tax as a seller of spirituous liquors than said circumstance could have in logic and in law; (3) the court erred in not leaving the jury to determine the force and effect of defendant having paid said special tax, because it was the right of the defendant to have the jury weigh said circumstance and give it whatever force they saw fit; (4) the charge of the court was fundamentally erroneous, in that it deprived the defendant of the presumption of innocence which, under the Constitution and laws of this State, attended him in every phase of the case and trial, until the jury had by its verdict declared him guilty; (5) the charge of the court is contradictory and misleading, in this, that it instructs the jury that the defendant is presumed to be innocent until his guilt is established by the evidence to their satisfaction beyond a reasonable doubt, and unless the evidence so satisfies them, then to find him not guilty; while in the same charge the jury was instructed, that if the defendant paid the United States special tax he is prima facie guilty, and they are to presume his guilt from that circumstance.

This paragraph from the court's charge is violative of that clause of the Bill of Rights which declares, that the right of trial by jury shall forever remain inviolate. Const., art. 1, sec. 15; Williams v. The State, 13 Texas Crim. App., 396; Hewitt v. The State, 25 Texas, 726, 727.

It is the province of the Legislature to prescribe the law; it is a judicial function to declare the weight and effect of evidence; and it is the peculiar province of a jury in a criminal case to determine the sufficiency of the evidence to convict. The right to trial by jury does not remain inviolate as guarantied by the Bill of Rights, if the Legislature can prescribe the character and effect of evidence sufficient to sustain a conviction. The Legislature has defined the offense in this case; this was within its province. It has gone further, and has informed the judiciary what amount of evidence would sustain a conviction for the offense prescribed. In attempting to do so it has attempted to usurp judicial functions; and if this conviction is allowed to stand, it will be the one conviction in our judicial history where the Legislature withdrew from the jury all discretion as to the effect of the evidence offered, and all discretion in weighing the same, and required of them to do the ministerial act of returning a verdict of guilty on evidence that the Legislature has beforehand decreed to be sufficient. If the Legislature has the right to prescribe the amount of evidence sufficient to convict, and thus violate the provision of the Constitution guarantying the defendant the right of trial by jury, then they would have an equal right to prescribe the amount of testimony sufficient to convict in any case, or the right to dispense with all evidence, and say, that the finding of an indictment is prima facie evidence of guilt, and require the defendant to establish his innocence. They would have the power to say to a jury, if upon a trial of a party

charged with murder it was established that the defendant was found within one hundred yards, or in a mile of the party killed, it would be prima facie evidence of his guilt, and they must convict unless he proves his innocence.   Cool. Const. Lim., pp. 309, 320; 146 Mass., 132; 15 N. E. Rep., 156; The State v. Liquors and Vessels, 80 Me., 57; The State v. Rensick, 13 R. I., 211.

The sixth subdivision of the third ground for new trial is submitted as a proposition, and is as follows:   Because subdivision 7 of the laws of 1893, in relation to the sale of spirituous, vinous, and malt liquors in regard to the effect of evidence, making it prima facie evidence that a person paying the United States special tax on such business is following such business, or is engaged in selling such liquors is unconstitutional, because this subject is not expressed in the title to said law, and because it attempts to change the rule of evidence.

The title to said law is as follows:   "An act to regulate the sale of spirituous, vinous, or malt liquors, or medicated bitters; to fix a tax upon all persons or association of persons selling such liquors; to define the time and manner of collecting such tax; to fix penalties for the violation of this act, and to repeal all laws in conflict with the provisions of this act."   Acts 1893, p. 177.

Section 7 undertakes to prescribe the amount of evidence which shall be considered sufficient for conviction by the jury upon the trial of the violators of the provisions of this act.   The title does not mention or in any manner give notice that the act contains any provision amending or in any way changing the rule of evidence.   This is clearly in violation of article 3, section 35, of the Constitution of 1876, which is as follows:   "No bill  *  *  *   shall contain more than one subject, which shall be expressed in its title.   But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed."   Section 7 of said act is clearly void.

The main object of this law was to regulate the sale of spirituous, vinous, and malt liquors, and medicated bitters, and to provide a penalty for violators of its provisions.   The object of this provision of the Constitution is to prevent surprise and fraud upon the Legislature, and to give notice to citizens interested through the publication of the legislative proceedings, of what is being attempted to be done affecting them.   So far as it appears from the title of this act, it was simply intended to regulate the sale of intoxicating liquors, and from such title no one could infer that the Legislature had in the body of the act so changed the rule of evidence as to prescribe the amount of evidence necessary to warrant a jury to convict.   Had the title declared such an intention, it is fair to presume that it would never have passed with such a section as the seventh in it.

*Mann Trice*, Assistant Attorney-General, for the State.—1.   It was not error for the court to charge, that the payment of the United

States special tax as a seller of spirituous, vinous, and malt liquors shall be held to be prima facie evidence that the person paying such tax is engaged in selling such liquors. This is expressly provided for by section 7, Acts of 1893, p. 179. It will be observed, that the court did not charge that such evidence was sufficient to establish the guilt of the defendant, but expressly charged, that the defendant was presumed to be innocent until his guilt was established by legal and competent testimony beyond a reasonable doubt; and further, that by the term "prima facie evidence" is meant not that the evidence is conclusive, but that it may be rebutted or overcome by evidence to the contrary. Appellant contends that section 7 of the act in question is unconstitutional and void, in that it is violative of the right of trial by jury, and seeks to restrict and control the jury in the exercise of their functions in determining the facts in the case. It is conceded, that if this law should make the evidence conclusive, and thus preclude the defendant from showing the truth, the act would be void. Such, however, is not its effect. The defendant is at liberty to rebut and overcome the presumption raised by virtue of his having a United States license.

While it is true that the right of trial by jury in actions of law is secured by the Constitution, it is equally true, that the forms of proceedings and the rules of evidence are within the control of legislative discretion. The constitutional power of the Legislature to prescribe rules of evidence is well settled. Holmes v. Hunt, 122 Mass., 505; Kennedy v. Kingston, 5 Mass., 524; Ogden v. Sanders, 12 Wheat., 213; Best on Ev., sec. 42, et seq.; Id., p. 304, note b; United States v. Wiggins, 14 Pet., 334; The Commonwealth v. Pike, 49 N. H., 399; The Commonwealth v. Tuttle, 12 Cush., 502. Various statutes in different States have imposed on defendants in criminal prosecutions the burden of proving any license, appointment, or authority relied on as a justification; and that when certain facts have been introduced in evidence by the prosecution, the same shall be held prima facie evidence, and will shift the burden of proof to defendant to disprove them. The Commonwealth v. Thurlough, 24 Pick., 374; The Commonwealth v. Kelley, 10 Cush., 69; The Commonwealth v. Lahy, 8 Gray, 459; The Commonwealth v. Carpenter, 100 Mass., 204. Even statutes providing for prosecutions of unlawful selling of intoxicating liquors, delivered in or from any place other than a dwelling house, shall be deemed prima facie evidence of sale, have been held constitutional. The Commonwealth v. Williams, 6 Gray, 1; The Commonwealth v. Rowe, 14 Gray, 47; The State v. Cunningham, 25 Conn., 195; The State v. Hurley, 54 Me., 562; 80 Me., 57.

Article 728, Code of Criminal Procedure, says: "The jury in all cases are the exclusive judges of the facts proved and the weight given to the testimony, except where it is provided by law that proof of any particular fact is to be taken as either conclusive or presumptive proof of the existence of another fact, or where the law directs that a certain

degree of weight is to be attached to a certain species of evidence.'' Practically to the same effect are articles 50 and 51 of the Penal Code. These enactments have been uniformly held not to transcend legislative authority.    Penal Code, sec. 114, and authorities there cited.

It is therefore respectfully submitted, that section 7 of the act in question does not pretend to make the payment of the United States special tax conclusive evidence of defendant's guilt, but merely makes it prima facie or presumptive, leaving it with the defendant to dispute the presumption raised by the payment of the tax.    The distinction between conclusive and disputable presumptions is so clearly drawn by the authorities above quoted and the elementary writers on the subject, that we deem it unnecessary to further discuss this branch of the case.

2.   Appellant's contention, that section 13a of the act in question is unconstitutional, can not effect the present case; for if this be conceded, under all the authorities the entire act would not be vitiated.    This section, not being pertinent or having any reference to the present prosecution, we deem it unnecessary to discuss the validity of the act in reference to section 13a.

3.   The title of the act sufficiently indicates the contents of the act.

HENDERSON, JUDGE.—The appellant was convicted under an indictment charging him with pursuing the occupation of selling spirituous, vinous, and malt liquors, and medicated bitters, in quantities of one gallon and less than one gallon, without first obtaining a license therefor.    The jury convicted him, and assessed his punishment at confinement in the county jail for a period of ten days.

The only question required by us to be considered is the constitutionality of the Act of May 6, 1893, regulating the sale of spirituous, vinous, and malt liquors, and medicated bitters.    Section 7 of said act reads as follows:    "That the payment of the United States special tax as a seller of spirituous, vinous or malt liquors shall be held to be prima facie evidence that the person or persons paying such tax are engaged in selling such liquors."    The appellant contends that this section of the act is unconstitutional, because, he says, the legislation, in making the obtention of a license from the Federal government to follow the occupation of a liquor dealer prima facie evidence that he pursued such occupation, is an invasion of article 1, section 15, of our Constitution, which declares that the right of trial by jury shall forever remain inviolate.    Appellant also contends, that section 7 is in violation of article 3, section 35, of the Constitution, because said section is subject matter not embraced in the caption of said act.

In order to present appellant's first proposition clearly, we deem it necessary to state the status of the case, as shown by the record.    On the trial of the case, the only evidence adduced was as follows:    The State proved that defendant, Charles Floeck, made application for and paid the United States special tax, as a seller of spirituous, vinous,

and malt liquors, and obtained a receipt and license therefor, in quantities of one gallon and less than one gallon; such payment of license covering the period of one year, from the 30th day of June, 1893, to and including the 30th day of June, 1894, authorizing him to engage in the sale of spirituous, vinous, and malt liquors during said period in Harris County. The County Commissioners Court of Harris County, Texas, duly levied a tax on the occupation of selling spirituous, vinous, and malt liquors, equal to one-half of the amount of the State tax for pursuing said occupation, which said levy covered and included the months from June 30, 1893, to June 30, 1894. The defendant had paid the tax due to the State of Texas, and county of Harris, and had obtained from said State and county a tax receipt and license by law for pursuing the occupation of selling malt liquors only, which said payment of license authorized and entitled said defendant to pursue the occupation of selling malt liquors only for a period from June 30, 1893, to and including June 30, 1894, and that said Floeck did pursue and follow the occupation of selling malt liquors in Harris County for the time mentioned in the indictment.

On this state of the case, the court charged the jury as follows: "If you believe from the evidence, beyond a reasonable doubt, that in Harris County, Texas, on or about the 1st day of October, 1893, the defendant did engage in the sale of, and did follow and pursue the occupation of selling, spirituous, vinous, and malt liquors, in quantities of one gallon and less than one gallon, without having first paid the tax due to the State of Texas and to the county of Harris therefor, and without having first obtained a license therefor, then find the defendant guilty as charged in the indictment, and assess his punishment by fine in any sum not less than $450 nor more than $900, or by imprisonment in the county jail for not less than ten days nor more than ninety days, in your discretion. By the law of this State, the payment of the United States special tax as a seller of spirituous, vinous, and malt liquors shall be held to be prima facie evidence that the person paying such tax is engaged in selling such liquors. By 'prima facie evidence' is meant not that the evidence is conclusive, but that it may be rebutted or overcome by evidence to the contrary. The defendant is presumed to be innocent until his guilt is established by the evidence to your satisfaction, beyond a reasonable doubt, and unless the evidence in this case so satisfies you, then find him not guilty. You are the exclusive judges of the credibility of the witnesses and the weight of the evidence, and by your conclusions thereon you will determine your verdict."

The defendant duly excepted to such charge, as upon the weight of the evidence, and invading the functions of the jury. Appellant insists, that the effect of section 7 of the act in question is to take away from the jury the right to pass upon the facts of the case. If the statute made the evidence of having paid the Federal tax conclusive evidence that defendant was engaged in the sale of intoxicating

liquors, his position would unquestionably be sound. But the statute does not do this. It merely makes the payment of the tax prima facie evidence that the person so paying the tax was engaged in the traffic. In support of his contention, appellant cites two authorities, to wit: The State v. Intoxicating Liquors, 80 Maine, 57, and The Commonwealth v. Uhrig, 146 Massachusetts, 132. The Maine statute on the subject, making the Federal license prima facie evidence, is similar to our own. The first case cited was decided upon the judge's charge. He instructed the jury, that testimony had been offered tending to show that defendant had paid said tax, and charged them, if they found he had done so, as a matter of law he was a common seller of intoxicating liquors, and they would so find. In reviewing the question the Supreme Court say, "that this charge instructed the jury that the proof of payment of the tax made it their duty to find defendant guilty, whether they believed him guilty or not, and that it was beyond the province of the court to so instruct the jury in any case. That the trial by jury was guarantied by the Constitution, and it is not within the province of the Legislature to enact a law which will destroy or materially impair the right." But in that case the court further say: "We do not think it is necessary to so construe the act in question. Among similar statutes, in some of which the words used are 'prima facie evidence,' and in others the words are 'presumptive evidence,' we can not doubt that these phrases are intended to convey the same idea. Thus, the possession of a dead bird at certain seasons of the year, and the possession of a mutilated, uncooked lobster, are declared to be prima facie evidence that the former was unlawfully killed, and that the latter was less than ten and one-half inches long when taken, while the possession of a salmon less than nine inches in length, or a trout less than five inches in length, is declared to be presumptive evidence that they were unlawfully taken. Similar provisions exist with respect to the possession of the carcasses of moose and deer at those seasons of the year when it is considered unlawful to hunt or kill them. Can it be doubted that these provisions all mean the same thing? We think not, and we are not aware that either of them has ever been considered as making it obligatory on the jury to find a defendant guilty, whether they believed him to be or not. They mean that such evidence is competent and sufficient to justify a jury in finding a defendant guilty, provided it does in fact satisfy them of his guilt beyond a reasonable doubt, and not otherwise."

In the Massachusetts case, above referred to, the question arose upon a statute similar to our own. The question there was upon the admissibility of evidence. A witness was asked the following question: "Q. During the time covered by the complaint, did you see posted in the defendant's premises a United States tax receipt as a dealer in spirituous or intoxicating liquors, other than malt liquors?" The defendant objected to the testimony. The judge overruled the objection, and the witness answered the question in the affirmative. The

court say: "So far as that statute authorized the introduction of such evidence, it is merely declaratory of the common law, and is valid."

In the case at bar, the only ruling was that the evidence was admissible. No ruling was asked or given as to the weight or effect of the evidence. The ruling asked was clearly right, and we can not consider any question not raised by the bill of exceptions. We might content ourselves with these authorities furnished by the appellant, but the question has so often been before the courts that we will refer to others.

In Massachusetts they have a statute making the representations of auditors, in contested matters of account, prima facie evidence, and the constitutionality of the statute was upheld, the court citing a great number of authorities from that State, all to the same effect. In the decision we find this language: "While the right of trial by jury in actions at law is secured by the Constitution, the forms of proceeding and the rules of evidence are within the control of the Legislature. * * * The constitutional power of the Legislature to prescribe rules of evidence is well settled. * * * This power has often been exercised by the Legislature, with the sanction of the courts, so as to change the burden of proof, or to affect the question what shall be prima facie evidence at the trial before the jury. * * * Even statutes providing that, in prosecutions for unlawful sales of intoxicating liquors delivered in or from any building or place other than a dwelling house, 'shall be deemed prima facie evidence of a sale,' have been held constitutional." Vide Holmes v. Hunt, 122 Mass., 505.

In The Commonwealth v. Williams, 6 Gray, 1, cited in the above case, where the constitutionality of a law making the delivery of liquors prima facie evidence of a sale was before the court, the learned judge used this language: "Making out a prima facie case does not change the burden of proof. This is only the result of that amount of evidence which is sufficient to counterbalance the general presumption of innocence, and warrant a conviction, if the fact so established be not encountered and controlled by other evidence tending to modify its effect, or so to explain it as to render the statutory inference from it too uncertain and improbable to be relied upon. * * * In view of the well-known reluctance of parties engaged in the traffic of spirituous liquors to divulge the real circumstances attending the sale or transfer of articles of that description, the Legislature, the more freely and effectually to enforce observance of the law, have deemed it to be of high public concern to provide that these circumstances shall not constitute an indispensable portion of the proof essential to establish the fact of a sale, but leave them to be developed, at their own pleasure and election, by the parties charged with having made it. But if the government, in proving the delivery of any quantity of spirituous liquors in support of a prosecution for an alleged violation of the law, prove also, as it must almost necessarily do, as a part of the transaction, the circumstances attending it, then those circumstances imme-

diately become evidence in the case, to be weighed and considered by the jury; and to them the naked delivery would be prima facie evidence of the sale, and so, indirectly, of the guilt of the accused. Beyond this proof of being affected by evidence of the manner in which the delivery occurred, and the surrounding circumstances, he is not to be affected unless, upon just consideration of all the facts thus disclosed,. * * * they are satisfied, beyond a reasonable doubt, of his guilt."

In Connecticut, under a statute providing that the finding of liquor in the possession of the accused, under certain circumstances specified in the act, shall be received and acted upon by the court as presumptive evidence that such liquor was kept or held for sale, contrary to the provisions of said act, it was held, that the act was not obnoxious to the constitutional provision. We gather from the decision as follows: "The object of this provision was not merely to render such evidence admissible, for, without the aid of the statute, it might have been received, although further evidence to show such intent would have been necessary. Neither is it made conclusive proof of such intent, but merely presumptive evidence, and as such proper for the consideration of the jury, in connection with the other evidence in the case. The presumption of the innocence of the accused, raised by the common law, may be taken into consideration by the jury, but the law does not make it sufficient to rebut the presumption of guilt authorized by the statute to be drawn from the finding of the liquor in the possession of the owner under the circumstances set forth in the act." The State v. Cunningham, 25 Conn., 195.

A number of other authorities from other States might be cited to the same effect, but we deem it unnecessary. So far as we have examined, they all concur in the view that it is within the power of a Legislature to establish, change, or alter rules of evidence and procedure in the courts. Of course, such enactments must be a reasonable exercise of the power of the Legislature, and not, within themselves, in contravention of the Constitution; and we would not be understood as holding that an act of the Legislature that took away from the jury the power to review all the evidence in a case, and that authorized the court to decide for them the guilt or innocence of an accused person, as being within the power of any legislative body. To our minds, on principle and in accord with the authorities, it is clear that section 7 of the Act of 6th of May, 1893, is not obnoxious to the foregoing objection raised against it by the appellant. We hold that the same is constitutional,- and establishes a legal rule of evidence applicable to such cases. The rule laid down, making licenses procured from the Federal authorities to pursue the occupation of a liquor dealer prima facie evidence that the party so procuring the same pursued such occupation for the time specified in such license, is not unreasonable; for it is presumed that a party obtaining such license, and paying his money therefor, does so for the purpose of pursuing such occupation. Such

a view is in accord with human experience, and is a reasonable inference, for men do not ordinarily pay out their money as an idle pastime, or for the mere fun of paying it out. This is by no means a conclusive presumption. Such is not the meaning of the term "prima facie." It is merely proof of the case, upon which the jury may find a verdict, unless rebutted by other evidence; and the fact, as stated by some of the authorities, that it is exceedingly difficult to get at the specific acts of sale in this character of traffic, which, if the law is intended to be evaded, is not done openly, renders it not unreasonable that this character of evidence may be resorted to in order to establish a prima facie case. Article 728, Code of Criminal Procedure, says: "The jury in all cases are exclusive judges of the facts proved, and the weight to be given to the testimony, except where it is provided by law that proof of any particular fact is to be taken as either conclusive or presumptive of the proof of the existence of another fact, or where the law directs that a certain degree of weight is to be attached to a certain species of evidence." See also articles 50 and 51 of the Penal Code.

It will be noticed in this case that the court, in its charge, carefully guarded the rights of the defendant on this subject. The jury were informed, that the payment of the Federal tax to sell liquors was prima facie evidence merely; and he then defined "prima facie evidence" as "not conclusive, but such as may be rebutted or overcome by evidence to the contrary;" and in the same connection he charged the jury on the presumption of innocence and reasonable doubt, and left them to determine from all the evidence in the case as to the guilt or innocence of the defendant. The charge of the court was in accord with the article above quoted, and in our opinion it was not violative of the provisions of the Constitution, as an infringement on the right of trial by jury. The jury were properly instructed as to the character of prima facie evidence. Nor were they told, as a matter of law, to find defendant guilty upon such evidence, but were left by the charge free to weigh the prima facie evidence, together with all the other testimony, in connection with the reasonable doubt and presumption of innocence which a defendant is entitled to in every criminal trial, and to render their verdict accordingly. In this we see no error.

Appellant insists that said section 7 of the Act of May 6, 1893, is also unconstitutional, because same embodies subject matter not embraced in the caption of the act. The caption in question is as follows: "An act to regulate the sale of spirituous, vinous or malt liquors or medicated bitters, to fix a tax upon all persons or associations of persons selling such liquors, to define the time and manner of collecting such tax, to fix penalties for the violation of this act, and to repeal all laws and parts of laws in conflict with the provisions of this act." The same question, and in nearly the same shape, was presented to this court in the case of Albrecht v. The State, 8 Texas Criminal Appeals, 216 (known as the "Bell-Punch Case"). In the pres-

ent case, however, the caption is somewhat broader than the caption of the act construed in the before-mentioned case, as the caption here authorizes the fixing of penalties, which the former act did not do. In said case, Judge Clark, in an able and exhaustive opinion, upheld the constitutionality of the law, which embraced new features and methods of procedure, hitherto unknown to our law, and altogether presenting a much stronger case, as to the unconstitutionality of the act, than the one now before us.

In English v. The State, 7 Texas Criminal Appeals, 171, the constitutionality of section 21 of the Act of August 23, 1876, was before the court. Said act was captioned "An act regulating elections." Section 21 related to the closing of liquor shops during the day of any election, by order of the judges of the election, and also imposed penalties on vendors of liquors in violation of its provisions. The court held, that said section was not in contravention of the Constitution, requiring the caption of the act to embrace the subject matter thereof. Ex Parte Mabry, 5 Texas Crim. App., 98; Johnson v. The State, 9 Texas Crim. App., 249; Railway v. Smith County, 54 Texas, 1; Railway v. Odum, 53 Texas, 343. Judge Cooley (Constitutional Limitations, p. 172) says: "The generality of a title is no objection to an act, so long as it is not made a cover to legislation incongruous in itself, and which, by no fair intendment, can be considered as having a necessary or proper connection. The Legislature must determine for itself how broad and comprehensive shall be the object of a statute, and how much particularity shall be employed in the title defining it. * * * There has been a general disposition to construe the constitutional provision liberally, rather than embarrass legislation by a construction whose strictness is unnecessary to the accomplishment of beneficial purposes for which it has been adopted." Id., p. 175. And see note citing cases. In our opinion, section 7 is not incongruous or foreign to the caption of the Act of May 6, 1893, but, on the contrary, is germain to and in harmony with said caption. The act in question was intended to and does embrace the entire subject of the regulation of the sale of intoxicating liquors; and the adoption of or changing a rule of evidence, as was done in this instance, was entirely consistent with and pertinent to that part of the caption of said act, to wit, "To regulate the sale of intoxicating liquors, etc., and to fix penalties for the violation of the act."

Other errors assigned we deem it unnecessary to discuss.

The judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.