JESSE NEWTON v. THE STATE.

No. 8459. Delivered October 8, 1924.

Rehearing denied December 10, 1924.

**1.—Possession of Intoxicating Liquors—Charge of Court—Weight of Evidence.**

Chapter 22, Sec. 2 e, 2d C. S. 38th Leg. provides that whenever possession of intoxicating liquor is made unlawful, that proof of the possession of more than one quart shall be prima facie evidence of guilt, but that the defendant shall have the right to introduce evidence, showing the legality of such possession. The court gave this statute in his charge. Objection thereto was urged for various reasons. There can be no doubt of the power of the legislature to enact the law in question. See North Carolina v. Barrett, 138 N. C. 630, 1st L. R. A. (New Series.)

**2.—Same—Charge of Court—Held Correct.**

The charge in the present case, is not subject to the objection that it contains a presumption against appellant under a certain state of facts, but fol-

lows the statute and advises the jury in effect that the presumption arising from certain facts, may be rebutted. The charge was also applicable under the facts proven. We find no error in the court's charge.

Appeal from the District Court of Uvalde County. Tried below before the Hon. R. H. Burney, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

*B. H. Jones,* and *G. B. Finley,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney for the State.

HAWKINS, JUDGE.—Appellant is convicted for possessing intoxicating liquor for the purpose of sale, punishment assessed being one year in the penitentiary.

Officers had received information which caused them to be on watch late at night at a gate on a road leading to Uvalde. An automobile traveling toward the city stopped at this gate; appellant got out to open it. The car belonged to and was being driven by one Coon. Some fifteen quarts of corn whisky in a keg was found in the car, also a small fruit jar about half full of whisky. Both Coon and appellant were separately indicted for possessing the liquor for the purpose of sale.

In Chapter 22, Sec. 2e, 2d C. S., 38th Legislature, it is provided that whenever possession of intoxicating liquor for the purpose of sale is made unlawful that proof of the possession of more than one quart shall be prima facie evidence of guilt, but that the defendant shall have the right to introduce evidence showing the legality of such possession. The court gave this statute in his charge. Objection thereto was urged for various reasons, the principal one being that it was a charge upon the weight of the evidence and invaded the province of the jury.

There can be no doubt we think of the power of the legislature to enact the law in question. It was the exercise of a right to change the rules of evidence within proper limits. From a "Case Note" under North Carolina v. Barrett (138 N. C. 630), 1 L. R. A. (New Series), 626, we quote:

"The power of the legislature to pass a statute making the possession of a certain amount of intoxicating liquor prima facie evidence of an intent to violate the law against illegal sales is supported by the authorities and text-book writers, and is based upon the right of the legislature to change the rules of evidence, and upon the doctrine that an accused person has no vested right in any presumption or rule of evidence which the lawmaking power cannot alter, within certain limits. When possession is shown, then the legal presumption of guilt

arises, and it devolves upon the accused to give a satisfactory explanation. Such a statute does not make it obligatory upon the jury to convict after the presumption of such proof, but it shifts upon the accused the duty to explain. But statutes which undertake to make evidence of certain facts absolute or conclusive proof of guilty are unconstitutional; those, however, which merely declare statutory presumption affecting the burden of proof are valid."

· Many authorities will be found collated in the notes under this case as reported in L. R. A., and also under McComb v. Hill, 39 L. R. A., 534 (New Series); see, also Joyce v. Sheppard, 64 Kan., 451, 67 Pac. 870; Parsons v. State, 61 Neb. 244, 85 N. W. 65. Practically the same question was considered by this court in Floeck v. State, 34 Texas Crim. Rep., 314, 30 S. W. 794, it being there held that the Legislature had a right to enact such a statute, and that no error was committed in giving the same in charge to the jury. The Floeck case was followed with approval in O'Brien v. State, 90 Texas Crim. Rep. 276, 234 S. W. 668. The charge in the present case is not subject to the objection that it contains an absolute presumption against appellant under a certain state of facts, but follows, the statute and advised the jury in effect that the presumption arising from certain facts may be rebutted.

The charge complained of is further assailed upon the ground that it was inapplicable under the facts proven, and assumed that appellant was in possession of the liquor in question. Appellant made no effort to explain possession, but denied possession, guilty knowledge or participation of any kind. He claimed to have been only a guest of Coon, riding in his automobile at his invitation. The learned trial judge instructed upon the issue thus raised by a charge upon principals, and by an additional charge from appellant's standpoint which seems to have protected him from 'every angle. He required the jury to find from the evidence beyond a reasonable doubt that appellant was acting as a principal and as such had possession of the liquor for the purpose of sale before a conviction could result; the jury was further informed that appellant's presence alone would not make him a principal, and that if he was invited by Coon to ride in the automobile, and that Coon got the whisky without appellant's knowledge of the unlawful intent of Coon, or even if he knew that Coon went to get the liquor but that appellant did nothing to assist or encourage him other than simply to ride out and back with him, then appellant could not be convicted. In view of the instructions fairly presenting the defensive issues we think the criticism of the charge complained of untenable.

Motion to quash the indictment was presented, but we fail to discover any vice in it.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

MORROW, Presiding Judge.—Appellant, through his counsel, forcefully argues that the charge in the present case offends against the general rule forbidding the court to instruct the jury that when the State has proved the prohibitive act the accused, intending to excuse or justify, must introduce evidence to that end. See Jones v. State, 13 Texas Crim. Rep., 1; Dubose v. State, 10 Texas Crim. App., 230; Art. 51, C. C. P. In our judgment, a different rule controls the present case. It has often been held in cases involving violations of the laws prohibiting the liquor traffic that the principle relied upon by the appellant is sound and in a proper case should prevail. See Jones v. State, 257 S. W. Rep., 895; Clevenger v. State, 255 S. W. Rep., 622; Simpson v. State, 93 Texas Crim. Rep., 303; Chance v. State, 210 S. W. Rep., 209; Cowley v. State, 72 Texas Crim. Rep., 173; Scott v. State, 70 Texas Crim. Rep., 59; Ratliff v. State, 78 S. W. Rep., 936. Under some of the statutes in this State the rule has no application. For example, Art. 1009 P. C., declares in substance that in assault cases where the injury is caused by violence, the intent to injure is presumed unless the absence of such intent is revealed. In a proper case, a charge containing the substance of the statute has been held proper. See McConnell v. State, 25 Texas Crim. Rep., 329; McKay v. State, 44 Texas Rep., 43; Atkins v. State, 11 Texas Crim. App., 8; Floyd v. State, 29 Texas Crim. App., 341; Harper v. State, 84 Texas Crim. Rep., 346; Thompson v. State, 89 S. W. Rep., 1081. When no injury was inflicted, however, a charge that the intent to injure is presumed has been held improper. Tubbs v. State, 95 S. W. Rep., 113. The instruction in the present case is in substance that proof by the State of possession of more than one quart of intoxicating liquor upon the part of the accused shall be prima facie evidence of his guilt, but he shall have the right to introduce evidence showing the legality of his possession.

As stated in the original opinion, the power of the Legislature to declare that proof of certain stated conditions shall be prima facie evidence of a violation of the law has been repeatedly upheld, and in this State where such legislative authority has been exercised, this court has approved a charge like the one in question. In Floeck's case, 34 Texas Crim. Rep., 314, the accused was unlawfully pursuing the occupation of selling intoxicating liquor. Upon the trial the court instructed the jury that it had been declared by statute that the payment of the United States Special Tax as a seller of such liquors shall be prima facie evidence that the person paying the tax is engaged in such business. The action of the trial court was upheld and the judgment of conviction affirmed. In O'Brien's case, 90 Texas Crim. Rep. 276, the propriety of instructing the jury under the provisions of Art. 640c, P. C., to the effect that the desertion of the wife,

etc., should be prima facie evidence that such desertion is wilful has been held legal.

We confess our inability to distinguish the facts of the present case from those in which the charge that a given state of facts would be prima facie evidence has been held proper and approved.

In the present case, the right of the accused to the presumption of innocence until his guilt was established by legal evidence beyond a reasonably doubt was carefully guarded, and in addition thereto, the jury was informed that the burden of proof was upon the State. Taken as a whole, we think the charge fully recognized the limitations which the law places upon the term "prima facie" evidence.

The meaning of the term "prima facie" evidence was considered by the court and quotations given from the decisions of other states interpreting that phrase in Floeck's case, supra. The reasoning of the court and the citation of authority is condensed in the syllabus in these words:

"Prima facie" evidence is merely proof of the case upon which the jury may find a verdict, unless rebuted by other evidence. In other words, prima facie evidence is not conclusive, but such as may be overcome by evidence to the contrary; and such evidence is to be weighed together with the other evidence, and in connection with the reasonable doubt and presumption of innocence which obtain in all criminal trials."

In a proper case, upon request, doubtless the trial court would restrict the jury in the meaning of "prima facie" evidence. See Ayers v. State, 21 Texas Crim. App., 399.

Of the other points to which the motion is addressed proper disposition has heretofore been made, and further discussion of them is deemed unnecessary.

The motion is overruled.

*Overruled.*