WILL UPTMORE v. THE STATE.

No. 13342.   Delivered November 5, 1930.
Reported in 32 S. W. (2d) 474.

The opinion states the case.

*Taylor, Atkinson & Farmer* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Operating under a search warrant, officers searched appellant's private residence and found therein several gallons of whisky. The State relied upon the testimony of the officers, touching the result of the search, for a conviction. Appellant offered no testimony.

There was no evidence that appellant had sold or offered to sell intoxicating liquor. The court submitted an instruction on the presumption arising from possession of more than a quart of intoxicating liquor. Art. 671, P. C. In defining the term "prima facie," the court used language as follows:

"What is meant by 'prima facie evidence' is sufficient evidence and can be overthrown only by rebutting evidence introduced on the other side. It is a state of facts which entitle the State to have the case go to the jury, and it is that amount of evidence which would be sufficient to counterbalance the general presumption of innocence and warrant a conviction if not encountered and controlled by evidence tending to contradict it and render it improbable or to prove facts inconsistent with it."

Various exceptions were urged to the charge. The term "prima facie" was defined in Floeck v. State, 34 Tex. Cr. R. 314, 30 S. W. 794, as follows:

" 'Prima facie' evidence is merely proof of the case upon which the jury may find a verdict, unless rebutted by other evidence. In other words, prima facie evidence is not conclusive, but such as may be overcome by evidence to the contrary; and such evidence is to be weighed together with the other evidence, and in connection with the reasonable doubt and presumption of innocence which obtain in all criminal trials."

The validity of Art. 671, supra, has been upheld by this court on the express ground that it did not reflect the purpose of the Legislature to declare that the possession of more than a quart of liquor was absolute or conclusive proof of guilt, but that it was prima facie evidence. Walden v. State, 272 S. W. 139. In advising the jury that "prima facie" evidence is sufficient evidence and can be overthrown only by rebutting evidence introduced on the other side, the learned trial judge conveyed to the jury the idea that the possession of more than a quart of liquor was conclusive

proof of guilt in the absence of rebutting evidence having been offered by appellant. In Ratliff v. State, 25 S. W. (2d) 344, the court instructed the jury as follows:

"Prima facie evidence means evidence which is sufficient to establish the fact, unless rebutted; evidence which standing alone and unexplained, would maintain the proposition and warrant the conclusion to support which it is introduced."

Touching the charge, this court said:

"Various exceptions were urged to the charge. An unhappy choice of language was made. The interpretation of the term 'prima facie evidence,' given in Floeck's case, 34 Tex. Cr. R. 321, 30 S. W. 794, 796, is in the following words: 'Making out a prima facie case does not change the burden of proof. This is only the result of that amount of evidence which is sufficient to counterbalance the general presumption of innocence, and warrant a conviction, if the fact so established be not encountered and controlled by other evidence tending to modify its effect, or so to explain it, as to render the statutory inference from it too uncertain and improbable to be relied upon.' It was upon such interpretation of the statute, P. C. Art. 671, that its validity was decided by this court. See Stoneham v. State, 99 Tex. Cr. R. 54, 268 S. W. 156; Newton v. State, 98 Tex. Cr. R. 582, 267 S. W. 272."

Over appellant's objection, a portion of the affidavit for the search warrant was read to the jury. It appears from the bill of exception, as qualified by the court, that only that portion of the affidavit wherein the affiants stated that appellant was selling whisky from his house and that affiants had watched his acts and conduct and that said house was a place where whisky was sold was read to the jury. There seems to have been no issue upon which the contents of the affidavit and search warrant were relevant. The statements which went to the jury were hearsay and inadmissible. Dillon v. State, 2 S. W. (2d) 251. In view of the fact that the case must be reversed because of the error in the charge hereinbefore referred to, we deem it unnecessary to determine whether the matter constitutes reversible error.

For the error in the charge, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.