## Tom Hardison v. The State.

No. 13591.   Delivered February 4, 1931.
Rehearing Denied April 15, 1931.

The opinion states the case.

*W. B. Howard,* of Childress, and *C. C. Small,* of Wellington, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purpose of sale; punishment, one year in the penitentiary.

We find in this record no bills of exception. The facts show that appellant's premises were searched with his consent, and in a hole in the barn under a pile of maize was found a quantity of beer in a barrel with ice around it, and in a cabinet in the house nine pints of whisky were found. When the whisky was found one of the officers asked appellant what he had to say, and he replied that he had nothing to say. Appellant's step-son testified and claimed that he had put the beer and whisky where they were found. The trial court instructed the jury that if they found that the whisky belonged to or was in the possession of said stepson, or if they had a reasonable doubt of this, they should acquit.

Appellant presented a number of exceptions to the charge of the court. Each of these exceptions has been carefully considered, and is not deemed to point out anything in the charge which was wrong. We do not think it necessary to have charged upon principals under the facts of the case, and we think the court's definition of possession was legally correct and applicable to the facts.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The sufficiency of the evidence is challenged. Three officers testified. They had no search warrant but were given specific permission by the appellant to search his premises. After making a search of the dwelling-house without finding any intoxicating liquor, the officers searched the barn. There they found a quantity of beer. Some if it was in a tub with ice around it and some was in a barrel. There were sixty-seven pint bottles. The barn was about thirty or forty feet from the dwelling-house. The appellant was present when the beer was found. After searching the barn, the officers again searched the dwelling-house. The appellant was present. One of the officers proposed to search the cabinet which was in the pantry. The wife of the appellant, in his presence, said to the officers: "You have been in

there four or five times." By taking out some nails, the officers opened the cabinet and found therein nine pint bottles, each full of whisky. The officers said to the appellant, "Now, Tom, what have you got to say?" Appellant replied, "I haven't got a thing to say."

Keys, a step-son of the appellant, testified that he found nine pints of liquor which he deposited in the cabinet in the pantry which he had built and with the construction of which he was familiar. When he hid the liquor in the cabinet there was no one present. None of the people were at home. Having an engagement with Brooks to go on a fishing trip, Keys arranged for seventy-two bottles of beer to be delivered to him about dark on Saturday night; that he hid the bottles of beer in the barn under the floor of the maize bin. Keys was under indictment in a liquor case. He was not present when the officers came, but said that the whisky belonged to him.

Brooks testified that he saw Keys in possession of nine pints of whisky, which Keys hid but the witness did not know where it was put. Brooks was present when the officers came to search the place. He saw the officers carry away the liquor. He said that the beer was intended to be used on a fishing trip. He had iced some of the beer and claimed it.

Appellant told the officers that the top of the cabinet was stationary. It appeared to be stationary, but when the nails were taken out, the whisky was found therein. The nails were loose and appeared to have been taken out a number of times. They were removed by the officers without much effort.

In the motion for rehearing the statement of the appellant, "I haven't got a thing to say," is criticized as improperly received. It was proved without objection, and no question of its admissibility is presented here for review.

Objections were addressed to several paragraphs of the court's charge and to the charge as a whole upon the ground that it was not definite in instructing the jury that there could be no conviction of the accused unless it was shown that he possessed the intoxicating liquor for the purpose of sale. Such an instruction was embraced in the general charge and was emphasized in a special charge drawn by the appellant's counsel and given to the jury by the court as a part of its instruction.

The complaint of that part of the charge which dealt with the subject of prima facie evidence is not deemed tenable. It is apparently in line with the instruction approved in Floeck v. State, 34 Texas Crim. Rep., 314, 30 S. W., 794, and other cases in which that case has been substantially followed.

We fail to perceive any error in failing to submit to the jury the question of principal offender. The jury were specifically told that if the whisky found in the appellant's house belonged to and was in possession of Johnnie Keys or if there was a reasonable doubt in the minds

of the jury as to whether it belonged to him, there should be an acquittal. The evidence is deemed sufficient to support the conviction. The motion for rehearing is overruled.

*Overruled.*