JETTIE BROWN v. THE STATE.

No. 14250. Delivered May 27, 1931.

The opinion states the case.

*Adams & Hamilton,* of Jasper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

Officers, armed with a search warrant, went to a house in which were found appellant, Bill McBride and Modelle Lawson. Officer Sam Smith preceded the others. He seems to have gone into several rooms of the house by himself before the other officers reached the scene. He testified that Modelle Lawson was lying upon a bed in a north room of the house, and that about the time the other officers appeared "They made a dive at the whisky to break it or cover it up." Three full pints of whisky and another bottle about one-fourth full were found in and about the bed which had been occupied by Modelle Lawson. The house in question was referred to in testimony by some of the officers as Jettie Brown's residence, Jettie Brown being appellant. A number of empty bottles and containers were found around the house.

Appellant introduced no testimony other than to show by her mother that she was under twenty-five years of age,—this in support of her application for a suspended sentence.

There are a number of bills of exception in the record. In one appears complaint of the charge of the court, the ground of complaint being that the court instructed the jury in regard to prima facie evidence as follows:

"You are further charged that proof of the possession of more than one quart of intoxicating liquor shall be prima facie evidence of guilt; but the defendant shall have the right to introduce evidence showing the legality of such possession."

The exception is that the court failed to define what was meant by the words "prima facie evidence." In Garlington v. State, 25 S. W. (2d) 333, we seem to have said that where a charge regarding prima facie evidence was given, it would be error, upon exception thereto, not to define the meaning of the words "prima facie." In a case such as this it would appear hurtfully erroneous for the court to tell the jury, as applicable to the guilt of the accused, that possession of more than a quart of intoxicating liquor would be taken as prima facie of her guilt, without giving an appropriate instruction defining what was meant by that expression.

There is another complaint of the refusal of the court to charge on circumstantial evidence. We are constrained to believe under the facts of this case that the refusal of the court to give such charge was erroneous. The comparatively small amount of liquor found was in pint

bottles and appears to have been in the bed occupied by Modelle Lawson. There is no testimony of affirmative ownership, possession or control of the liquor by appellant other than the inference arising from the fact that it was in a house apparently under her control. There being three grown people in said house at the time the officers went there, one of whom was in the bed where the whisky was found, it would seem fair to the rights of the accused to have given the jury an appropriate instruction on the law of circumstantial evidence.

We are not inclined to agree with appellant's complaints directed at the admission of the testimony of the officers.

For the errors mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*