## Roy Seay and Addie Seay v. The State.

No. 19587.  Delivered March 30, 1938.

The opinion states the case.

*Mahan & Broughton,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellants were convicted of the possession of intoxicating liquor for the purpose of sale in a dry area, and each fined $100.00.

In their brief appellants offer two assignments upon which to predicate a reversal of this case, both of which seem to us to be well taken.

Their first assignment complains of the introduction in evidence, and the reading to the jury of the affidavit upon which the search warrant is based, and the warrant itself. That such affidavit and warrant contained damaging statements, going to show that the affiants claimed to know of their own personal knowledge that intoxicating liquors were being possessed for sale in appellants' home, and that such testimony was hearsay

256

and should not have been admitted was appellants' contention, as shown by their bill of exceptions. In this we are constrained to agree with their contention. Such statements were clearly hearsay, and should not have been allowed to have been read to the jury. If there was any question relative to such documents, such should have been presented to the court outside the presence of the jury, and their validity should have been determined by him on the question of admitting the evidence obtained by virtue of the search thereunder. Their presentation to the jury has been held to have been error in the following, among other, late cases: Cropper v. State, 111 S. W. (2d) 709; White v. State, 45 S. W. (2d) 225; Uptmore v. State, 32 S. W. (2d) 474; Antner v. State, 25 S. W. (2d) 860; Gunter v. State, 4 S. W. (2d) 978, and many other cases.

In their second bill of exceptions they complain of the trial court's failure to define the term "prima facie evidence." Where relied upon by the State, as in this particular case, to establish, through the quantity of liquor possessed, the purpose of such possession, some such charge should be given defining what this term means. Uptmore v. State, 32 S. W. (2d) 474; Floeck v. State, 30 S. W. 797. Appellants objected to the court's charge for a lack thereof, and offered a proper charge thereon.

For the errors discussed, this judgment is reversed and the cause remanded.