## ELEST WHITAKER V. STATE

No. 28,816. February 13, 1957.

*Karl Cayton*, by *Jack W. Tidwell*, Lamesa, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the possession of intoxicating liquor in a dry area for the purpose of sale with a prior conviction for an offense of like character alleged for the purpose of enhancement; the punishment, six months in jail and a fine of $600.

The disposition hereof makes unnecessary a summary of the facts.

Appellant timely objected to and here complains of the trial court's failure to define the term "prima facie evidence" in its charge to the jury.

Where the state relies upon the quantity of liquor possessed

to show the purpose of such possession as it did in this case, upon objection to such failure, a definition of the term "prima facie evidence" should be given in the charge to the jury. Floeck v. State, 34 Texas Cr. Rep. 314, 30 S.W. 794; Caldwell v. State, 101 Texas Cr. Rep. 75, 273 S.W. 608; Uptmore v. State, 116 Texas Cr. Rep. 181, 32 S.W. 2d 474; Smith v. State, 117 Texas Cr. Rep. 303, 36 S.W. 2d 532; Brown v. State, 118 Texas Cr. Rep. 208, 39 S.W. 2d 51; Seay v. State, 134 Texas Cr. Rep. 255, 115 S.W. 2d 418.

Appellant further contends that the trial court erred in permitting the state to use a prior conviction for an offense of like character a second time for the purpose of enhancing the penalty. Since Kinney v. State, 45 Texas Cr. Rep. 500, 79 S.W. 570, this court has consistently held that a prior conviction for an offense of like character can be successfully used only one time for the purpose of enhancing the penalty. Miller v. State, 139 Texas Cr. Rep. 406, 140 S.W. 2d 859; Cothren v. State, 139 Texas Cr. Rep. 339, 140 S.W. 2d 860; McGill v. State, 160 Texas Cr. Rep. 324, 269 S.W. 2d 398; Evans v. State, 160 Texas Cr. Rep. 517, 272 S.W. 2d 732. In this connection, we further observe that a misdemeanor conviction for driving while intoxicated may be used more than once for the purpose of charging a felony under Art. 802b, Vernon's Ann. P.C. Hill v. State, 158 Texas Cr. Rep. 313, 256 S.W. 2d 93; Johnson v. State, 160 Texas Cr. Rep. 290, 269 S.W. 2d 393.

Other contentions presented by the appellant are not discussed as they likely will not arise on another trial.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.