**Lee Truscott BIVINS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 35796.**

Court of Criminal Appeals of Texas.

May 15, 1963.

No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

Upon appeal from a conviction in the Corporation Court of the City of Amarillo, appellant was found guilty in the County Court at Law of the offense of failing to stop at a stop sign which had theretofore been legally erected at a street intersection by the City of Amarillo and his punishment was assessed at a fine of $105.00.

It was clearly established that appellant failed to stop at an easily visible stop sign.

The sole question presented for review is the constitutionality of the following ordinance:

"(a) *Not required of prosecution.* In any prosecution for any violation of this chapter, it shall not be necessary for the state to prove the installation or authority therefor, of any traffic control device or signal.

"(b) *Defense's right of rebuttal.* Any person charged with a violation of this chapter shall have the right to prove the sign, signal or device was not so installed or authorized as a defense."

It is well established that a legislative body has the power to formulate rules of evidence which change the burden of proof or state what constitutes prima facie evidence of guilt. Floeck v. State, 34 Tex. Cr.R. 314, 30 S.W. 794, and Newton v. State, 98 Tex.Cr.R. 582, 267 S.W. 272.

We overrule the contention that the ordinance is void.

Finding the evidence sufficient to sustain the conviction, the judgment is affirmed.