George Thaddeus THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 44213.

Court of Criminal Appeals of Texas.

Jan. 4, 1972.

George T. Thomas, Big Spring, for appellant.

Jim Vollers, State's Atty., and Robert Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for speeding under Article 6701d, Section 166(a), Vernon's Ann.Civ.St. After an appeal from a justice court to the county court, the jury returned a verdict of guilty and the judge assessed the punishment at a fine of $105.00.

Officer Gonzales of the Texas Department of Public Safety testified that on or about April 22, 1969, he and another patrolman clocked appellant driving an automobile at 80 miles per hour on U.S. Highway 87 in a rural area north of Big Spring when the weather was clear and it was daylight.

The appellant contends in his first four grounds of error that because a justice or corporation court has jurisdiction of speeding cases he was entitled to, but was denied, a unitary or one-stage trial in the county court under Article 37.07, Vernon's Ann.C.C.P., which provides, in part:

"Sec. 1. \* \* \* If the plea is not guilty, they [the jury] must find that the defendant is either guilty or not guilty, and, except as provided in Section 2, they shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty.

"Sec. 2(a). In all criminal cases, other than misdemeanor cases of which the justice court or corporation court has jurisdiction, which are tried before a jury on a plea of not guilty, the judge shall, before argument begins, first submit to the jury the issue of guilt or innocence of the defendant of the offense or offenses charged, without authorizing the jury to pass upon the punishment to be imposed."

He contends that the present case does not come under the exception provided in Section 2 because it is a misdemeanor case "of which the justice court or corporation court has jurisdiction." Article 37.07, Section 2(a), supra.

We hold that when this case was appealed to the county court the justice court lost jurisdiction within the meaning of Article 37.07, Section 2(a), supra, and the court did not err in conducting a bifurcated, and not a one-stage, trial.

The next three grounds of error concern the use of the phrase "prima facie evidence" in the court's charge and the court's refusal to define this phrase. The appellant objected to the charge and specially requested that the court define prima facie evidence.

The court instructed the jury in the first paragraph of the charge in part as follows:

"You are charged that our statutes provide that no person shall drive a vehicle upon a public highway at a speed greater than is reasonable and prudent, and that any speed in excess of the limits established by statute shall be only prima facie evidence that the speed is

not reasonable or prudent and that it is unlawful."

The court also used the phrase "prima facie" two other times in the charge. In paragraph II the court instructed the jury:

"You are further charged that our statutes provide the maximum prima facie speed for passenger cars outside an urban district upon a Federal numbered highway at a speed not in excess of 70 miles per hour during the daytime or 65 miles per hour during the nighttime for any passenger car.

" 'Daytime' means from one-half (½) hour before sunrise to one-half (½) hour after sunset, and nighttime means any other hour.

" 'Urban District' means the territory contiguous to and including any highway or street which is built up with structures devoted to business, industry or dwelling houses situated at intervals of less than one hundred (100) feet for a distance of one quarter of a mile or more on either side."

In paragraph VI the court applied the law to the facts as follows:

"Now, therefore, if you believe from the evidence beyond a reasonable doubt that the Defendant on or about the 22nd day of April, 1969, as charged in the complaint, did then and there operate and drive a vehicle, to-wit: an automobile, upon a public street and highway of Texas, at a rate of speed which was then and there a speed greater than was reasonable and prudent under the conditions then existing, and at which time and place the prima facie reasonable and prudent speed limit applicable was 70

miles per hour, you will find the Defendant guilty as charged in the complaint and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the Defendant and say by your verdict 'Not Guilty.' "

■ Appellant complains that the trial court used these three phrases, "prima facie evidence," "maximum prima facie," and "prima facie reasonable and prudent speed limit," without defining any one of them and without indicating whether all three had the same or different meanings. As in the statute [1], it appears from the charge that "prima facie evidence" is the basic phrase of which the others are merely shorthand renditions. Even so, there should be a clarification with the phrase "prima facie evidence" defined for the jury.

Does the failure to define "prima facie evidence" constitute reversible error?

No prior Texas cases have treated this problem in reference to speeding.[2]

Many cases have been reversed for the failure to define "prima facie evidence" where the court instructed the jury under Article 666, Section 23a, Vernon's Ann.P. C., which provides that the possession of more than one quart of liquor in a dry area is prima facie evidence that it was possessed for sale. E. g., Bell v. State, 172 Tex.Cr.R. 24, 353 S.W.2d 444. Whitaker v. State, 164 Tex.Cr.R. 264, 298 S.W.2d 600.

One of the leading cases defining the term "prima facie evidence" is Floeck v. State, 34 Tex.Cr.R. 314, 30 S.W. 794. There this Court upheld the constitution-

1. Article 6701d, supra, uses four different "prima facie" phrases. Section 166(a) speaks of "prima facie evidence;" Section 166(a), par. 5 refers to "prima facie maximum limits;" Section 167(a) states "prima facie maximum speed limits;" and Sections 168(b), 169(a) and 169(b) refer to "maximum prima facie speed limit(s)." The three latter "prima facie" phrases, it would appear from the statute, are shorthand renditions of the basic phrase: "prima facie evidence."

2. For a general treatment of the phrase "prima facie evidence" see 31 Tex.Jur. 2d, Instructions, Section 120 (1962).

ality of a statute providing that "the payment of the United States special tax as seller of spiritous, vinous, and malt liquors shall be held to be *prima facie evidence* that the person [or persons] paying such tax [are] engaged in selling such liquors." Id., 30 S.W. at 795 (emphasis supplied). The appellant in that case challenged this as taking away the jury's power to review all the evidence in the case and allowing the court to decide guilt or innocence. This Court rejected appellant's contention because the clear charge of the trial court did not permit what the appellant claimed. The trial court's charge in part was set out in the case:

> "By 'prima facie evidence' is meant, not that the evidence is conclusive, but that it may be rebutted or overcome by the contrary. The defendant is presumed to be innocent until his guilt is established by the evidence to your satisfaction, beyond a reasonable doubt, and, unless the evidence in this case so satisfied you, then find him not guilty." Id.

This Court, speaking through Judge Henderson, called "prima facie evidence" a presumption. He stated, however, that

> "[t]his is by no means a conclusive presumption. Such is not the meaning of the term 'prima facie.' It is merely proof of the case, upon which the jury *may* find a verdict, unless rebutted by other evidence; . . ." Id. 30 S. W. at 797 (emphasis supplied).

He further stated in approving the charge:

> "The jury were properly instructed as to the character of prima facie evidence. Nor were they told, as a matter of law, to find defendant guilty upon such evidence, but were left by the charge free to weigh the prima facie evidence, together with all the other testimony, in connection with the reasonable doubt and presumption of innocence which a defendant is entitled to in every criminal trial, and to render their verdict accordingly." Id. 30 S.W. at 798.

Since Floeck, other cases have similarly defined prima facie evidence. See, e. g., Lenore v. State, 137 Tex.Cr.R. 417, 129 S. W.2d 657; Garlington v. State, 114 Tex. Cr.R. 363, 25 S.W.2d 333.

When the State in a criminal case introduces evidence that an accused was driving in excess of seventy miles an hour on a Federal Highway in a rural area, it has placed the issue before the jury to determine together with all other testimony and in connection with the presumption that the accused is innocent until proven guilty beyond a reasonable doubt whether this establishes to their satisfaction that the accused was driving at a speed greater than was reasonable and prudent under the conditions then existing. The State has introduced some evidence, if it is believed, that the accused was driving at a speed greater than was reasonable and prudent. No particular weight is assigned prima facie evidence by law except that the jury *may* find a verdict based upon it.

Jurors probably need at least, if not more, guidance in cases in determining what is an unreasonable and imprudent speed than they do in determining when liquor is possessed in a dry area for the purpose of sale.

We hold that the failure to define the term "prima facie evidence" is reversible error. In view of this holding, other matters raised will not be discussed, because they will not likely arise in the event of another trial.

The judgment is reversed and the cause is remanded.