**Grady PITTMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52895.**

Court of Criminal Appeals of Texas.

March 23, 1977.

Rehearing Denied April 20, 1977.

James R. Mallory, Fort Worth, for appellant.

John R. MacLean, County Atty., Cleburne, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for speeding. After an appeal from a justice court to the county court, the jury entered a verdict of guilty and the court assessed punishment at a fine of $150.00.

Patrolman Busby of the Department of Public Safety testified that on July 20, 1975, the vehicle appellant was driving on Interstate 35 in Johnson County "registered seventy-four miles an hour on radar."

In his sole ground of error, appellant contends, "The trial court erred in overruling Appellant's timely written objection to the definition of 'prima facie' in the court's charge to the jury, because the definition as thereafter given to the jury was contrary to the law under which Appellant was prosecuted."

The court instructed the jury:

"You are further instructed that under the laws of the State of Texas, it is provided that any speed in excess of the limits specified or established shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful.

" 'Prima Facie' as used herein is that degree of evidence which is sufficient on the face of it to establish the facts above stated and if not rebutted remains sufficient for such purpose."

Appellant, in a timely written objection which was brought to the court's attention and overruled, complained, "The paragraph in the court's charge shifts the burden of proof, and does not describe the law," and urged that the charge failed to state that prima facie evidence is only some evidence upon which a jury may reach a verdict, to be considered without destroying the presumption of innocence or the right to be found "not guilty" if the evidence fails to prove up the elements of the alleged offense beyond a reasonable doubt.

Appellant argues that the definition of "prima facie" given by the court denied him a fair trial "because the definition given did not recognize the distinction between the use of the term in civil and criminal cases."

Appellant relies on *Thomas v. State,* Tex. Cr.App., 474 S.W.2d 692, where reversal resulted upon an appeal from a conviction for speeding where the trial court failed to define the term prima facie evidence.[1]

Immediately following the court's definition of prima facie evidence in the charge in the instant case, the court instructed the jury:

"Now, therefore, if you find and believe from the evidence beyond a reasonable doubt that the Defendant on or about the 20th day of July, A.D., 1975, in Johnson County, Texas, did then and there drive and operate a motor vehicle at a rate of speed greater than 55 miles per hour and that such speed was unreasonable and imprudent under the conditions then and there existing, having regard to the actu-

al and potential hazards, then you will find such Defendant guilty.

"Unless you do so find and believe from the evidence beyond a reasonable doubt, you will acquit the Defendant and say by your verdict, 'Not Guilty.' "

The court further instructed the jury: "In all criminal cases, the burden of proof is on the State. The defendant is presumed to be innocent until the guilt of the defendant is established by legal evidence, beyond a reasonable doubt; and in case you have a reasonable doubt as to the defendant's guilt, you shall acquit him."

██ A charge must be read as a whole and review not limited to parts standing alone. *Peterson v. State,* Tex.Cr.App., 508 S.W.2d 844; *Whitson v. State,* Tex.Cr.App., 495 S.W.2d 944.

██ When the charge before us is read as a whole, we find that it does not shift or lessen the required proof, nor does it instruct the jury to find appellant guilty upon prima facie evidence as a matter of law. Under the charge, the jury was ". . . left by the charge free to weigh the prima facie evidence, together with all the other testimony, in connection with the reasonable doubt and presumption of innocence which a defendant is entitled to in every criminal trial, and to render their verdict accordingly." *Floeck v. State,* 34 Tex.Cr. App. 314, 30 S.W. 794; *Thomas v. State,* supra.

We reject appellant's contention that the court erred in overruling his objection to the court's charge.

The judgment is affirmed.

Opinion approved by the Court.

---

1. In *Thomas,* this Court noted that the term "prima facie" means, "It is merely proof of the case, upon which the jury may find a verdict, unless rebutted by other evidence."