CALUMBUS C. WELLS v. STATE OF NEBRASKA.

FILED FEBRUARY 4, 1896.   No. 8135.

1. **Instructions: ASSAULT.**  To render the failure to give an
   instruction prejudicially erroneous, it is not sufficient that
   correct abstract propositions of law are therein embodied,
   but in addition it is requisite that such propositions be
   applicable to facts, at least in some degree, inferable from
   the evidence.

2. **Conviction for Assault.**   Evidence examined and found
   sufficient to sustain the verdict.

ERROR from the district court of Richardson
county.   Tried below before BUSH, J.

*Reavis & Reavis*, for plaintiff in error.

*A. S. Churchill, Attorney General*, and *George A.
Day, Deputy Attorney General*, for the state.

RYAN, C.

Plaintiff in error was, by a jury, found guilty of
an assault in manner and form as charged in the
information.   This information was filed in the
district court of Richardson county, and thereby
the offense charged was that Columbus C. Wells,
" upon one Oscar Larabee, then and there being,
unlawfully, purposely, feloniously, and of his de-
liberate malice, did make an assault with a dan-
gerous weapon, to-wit, a hammer,   *   *   *   with

intent   *   *   *   and thereby him, the said Oscar Larabee, unlawfully, purposely, feloniously, and of his deliberate malice, to inflict upon said Oscar Larabee great bodily injury," etc.

In the brief submitted on behalf of the plaintiff in error there are argued but two questions. Of these, one is that the verdict is not sustained by sufficient evidence. There is no room for doubt that Wells struck Larabee, at least twice, with a hammer, at the time and place described in the information. That there was such provocation that Larabee would have been entitled to but little sympathy if his punishment had been greater than it was, there can be no question; and yet this provocation was only by the use of insulting language, uttered at such a distance that it was necessary for the accused to take several steps that he might be able to show his resentment. When these steps had been taken it cannot be determined with certainty from the bill of exceptions which party first laid hands upon the other. There was sufficient evidence, however, to justify the jury in returning the verdict which it did return, and we cannot, therefore, set it aside as being without sufficient support.

In the brief the other ground of criticism is thus stated: "The court told the jury, in general terms, that they might convict the defendant of a simple assault, but failed to explain to the jury the legal meaning of the word ' assault ' when used in that connection." One of the definitions of this word suggested by plaintiff in error is that given in Rapalje & Lawrence's Law Dictionary, to-wit: "In criminal law, assault is (1) an attempt unlawfully to apply any actual force, however small, to the person of another, directly or indi-

rectly; (2) the act of using such a gesture towards another person as to give him reasonable grounds to believe that the person using the gesture meant to apply actual force to his person." Counsel for plaintiff in error, in the course of their argument to establish their contention that the word " assault " should by the court have been defined without request, say: " Courts are supposed to know their duties,—a violent presumption in many cases,—and it is not incumbent on the defendant in a criminal case to ask the court to tell the jury what elements enter into a given transaction, as constituents thereof, to make it a crime." With the confident belief that we shall be able to show by a fair examination of the record that plaintiff in error has no just cause to complain that his rights were prejudiced by the district court in the trial of this case, we shall first consider the instruction which it is claimed should have been supplemented by a definition of the word " assault." It was in this language: " The court instructs the jury that, if they believe from the evidence beyond a reasonable doubt that defendant, not acting in self-defense, made an assault upon the prosecuting witness with the hammer, as alleged in the information, with no intention of feloniously inflicting great bodily injury upon the said prosecuting witness, then the jury may find the defendant guilty of an assault." As has already been stated, there was sufficient evidence to sustain the verdict of " guilty of an assault in manner and form as charged in the information." The evidence shows that plaintiff in error struck the prosecuting witness, at least twice, with a hammer. There were, therefore, no such conditions shown by the proofs that, under

the above quoted definition, a mere assault could have been inferred. If, under these conditions, the court had instructed the jury, as it is contended on behalf of the defendant in error that it should have done, following most text-writers, there would have been given an instruction to the effect that " an assault is the unlawful attempt, coupled with the present ability, to do injury to another." As this definition was not applicable to the facts proved, in any view of the case, it was not erroneous to omit to give this or an equivalent instruction. An assault with intent to commit great bodily injury is punishable by imprisonment in the penitentiary for not less than one nor more than five years. (Session Laws, 1889, ch. 34, sec. 1.) Notwithstanding a verdict of guilty of the above described offense, the judgment of the court was that Columbus C. Wells pay a fine of $15 and costs of the prosecution. For a mere assault it was discretionary with the court to impose a fine to the extent of $100, or to commit the defendant to the county jail for a period not exceeding three months. A fine of but $15 was certainly not excessive for a mere assault, and, no matter what instruction as to what constituted an assault might have been given, the jury could not have dealt as leniently with the prisoner as did the court in treating his offense as a mere assault. Whatever error was committed was not such as to afford plaintiff in error any just cause of complaint. The judgment of the district court is

AFFIRMED.