## FRED PARSONS V. STATE OF NEBRASKA.

FILED JANUARY 23, 1901.   No. 11,423.

1. **Sale of Liquor: POSSESSION OF LIQUOR: PRESUMPTION: POWER OF LEGISLATURE.** It is competent for the legislature to provide in an act regulating the license and sale of intoxicating liquors, that the possession of such liquors by one not having a license or other permit for the sale thereof shall be presumptive evidence of the violation of the act, unless, after examination, the person charged shall satisfactorily account for and explain the possession thereof.

2. **Constitutional Law.** Such provisions are not violative of the constitutional provision to the effect that no person shall, in any criminal case, be compelled to give evidence against himself.

3. **Possession of Liquor: EVIDENCE.** In a prosecution under section 20, chapter 50, Compiled Statutes, for keeping intoxicating liquors for sale in violation of law, the possession of such liquors by the accused, when established by the evidence, is presumptive evidence of guilt, unless the accused shall satisfactorily account for and explain the possession thereof, and that they were not kept for an unlawful purpose. *Durfee v. State*, 53 Nebr., 214, followed.

4. **Instructions.** Instructions based upon the above mentioned section examined, and *held*, properly given.

5. ———. Instructions to the jury when taken together fix the time of the commission of the offense at or about the time charged in the information; *held* properly given as to the requirement that the intention to sell must be a present intention within the meaning of the statute.

6. **Court of General Jurisdiction: JURISDICTIONAL PRESUMPTION.** In a court of general jurisdiction, jurisdictional facts and the regularity of the proceedings had therein will be presumed; and where, on the trial in the district court of a person charged with the keeping of liquors unlawfully and for the purpose of sale, it is shown that such liquors were seized under a search warrant issued out of the county court, *held* that it is not necessary to introduce in evidence the statutory affidavit upon which the search warrant was issued.

ERROR from the district court for Lancaster county. Tried below before FROST, J. *Affirmed.*

*W. M. Morning,* for plaintiff in error.

*Constantine J. Smyth, Attorney General,* and *Willis D. Oldham, Deputy, contra.*

HOLCOMB, J.

The defendant was convicted on two counts for selling intoxicating liquors without a license, and on one count for keeping such liquors for the purpose of sale and with the intention of selling and disposing of the same without a license or druggist's permit. It is argued that the conviction as to the last of the counts mentioned is wrongful and erroneous, because of the section of the statute under which the charge was made, providing that "the possession of any of said liquors shall be presumptive evidence of a violation of this chapter and subject the person to the fine prescribed in section eleven, unless after examination he shall satisfactorily account for and explain the possession thereof."

The validity of the statute is assailed on the ground that it denies the defendant a fair jury trial according to the course of the common law, by substituting the judg-

ment of the legislature for the judgment of the jury as to the weight to be given to the evidence; and also violates the constitutional provision providing that no person shall, in any criminal case, be compelled to give evidence against himself. That it is competent for the legislature to provide that certain facts, when established, shall be presumptive evidence of the material and ultimate fact to be proven in cases of this character, is well settled by current authority, and the validity of the identical section now assailed is affirmed in *Durfee v. State*, 53 Nebr., 214. An exhaustive discussion of the subject and principles involved is found in *People v. Cannon*, 139 N. Y., 32. See, also, *State v. Wilson*, 15 R. I., 180. By section 20, chapter 50, it is made unlawful for any person to keep for the purpose of sale without license or druggist's permit any malt, spirituous or vinous liquors, and a penalty for the violation of the law is provided for. Any person who is found possessing intoxicating liquors with the intention of disposing of the same without a license or permit is deemed guilty of a misdemeanor, and may on conviction be punished as provided by section eleven. The validity of this legislation is, we presume, unquestioned. Provisions follow for a search of premises for intoxicating liquors kept for sale without a license and in violation of law, and it is provided that, in the event of arrest of a person charged with unlawfully keeping such liquors for the purpose of sale, on the trial, "the possession of any such liquors shall be presumptive evidence of the violation of this chapter, and subject the person to the fine prescribed in section eleven, unless, after examination, he shall satisfactorily account for and explain the possession thereof, and that it was not kept for an unlawful purpose." If it be true that the legislature has the power to provide that the possession of intoxicating liquors, unexplained and unaccounted for by one not having a license or other permit for the sale thereof, shall be presumptive evidence of the violation of the chapter regulating the license and sale of such

liquors, as has already been determined, and, as we think, correctly so, then, as it occurs to us, there is nothing in the act violative of the constitutional provision to the effect that no person, in any criminal case, shall be compelled to give evidence against himself. A defendant charged with unlawful keeping of intoxicating liquors for the purpose of sale may rely upon his constitutional right of not testifying, and require the prosecution, by competent evidence, to establish his guilt of the offense charged, beyond a reasonable doubt. A jury, upon the trial of a cause, can only convict after every material allegation is established by the required proof. No penalty can be imposed until a conviction is had. What the law says is that when the possession of intoxicating liquors by a person without a license or other authority to sell the same is established, such fact, unless the possession is accounted for or explained, shall be presumptive evidence that the liquor was kept for the purpose of sale in violation of the chapter regulating the license and sale of intoxicating liquors. When possession is established by competent evidence, then the legal presumption arises, and it devolves upon a defendant to satisfactorily account for or explain such possession. Such a rule existed in the trial of many criminal cases at common law, and we know of no legal principle or constitutional provisions inhibiting a legislature from enacting a law incorporating the same into the statutes. The possession may be accounted for and explained by any competent evidence, whether given by the defendant or others qualified to testify regarding the subject. The wording of the section, "and subject the person to the fine prescribed in section eleven," must be construed to mean that only after conviction the penalty prescribed may be imposed as a punishment for violating the law; and does not make it obligatory upon a jury to return a verdict of guilty, unless satisfied of the defendant's guilt, as in other criminal trials. The objections to the validity of the act are not well taken.

An instruction given, which follows the provisions of law as contained in the section referred to, is excepted to. The instruction is substantially the same as that given in *Durfee v. State,* 53 Nebr., 214, which, on error proceeding, was approved by this court as a correct expression of the law. That decision is adhered to and followed.

Objection is made to one instruction on the ground that it failed to state that the keeping of intoxicating liquors must be with a present intention of selling the same. The time mentioned in the information was definite and certain. The instruction complained of is as follows: "The jury are instructed that it is not incumbent upon the state to prove any specific sale to any individual or any particular date under the allegations of the fourth count of the information, but that under said count the jury may consider any evidence of sales together with other circumstances which tend to prove that the defendant was keeping in his possession beer as charged in the fourth count with the intent of disposing of the same without first having procured a license, or druggist's permit for the sale of the same, if any such facts are proven. You are further instructed that if you find from the facts proved, if any such are proved, that the defendant was on or about the —— day of —— 1900 keeping beer in his possession in the county of Lancaster and state of Nebraska, with the intention of disposing of the same without license or druggist's permit, then and in that case you will find the defendant guilty as he stands charged in the fourth count of the information." This, in view of other instructions, to the effect that, in order to convict, the proof must show possession for the purpose of sale at or about the time alleged in the information, is sufficient, and the failure to name the day and month is without prejudicial error.

It is also urged that no evidence was introduced of the filing of the statutory affidavit authorizing a search warrant for the liquor seized, and the order made directing the destruction of the same was erroneous. This pro-

vision is incidental only to the main trial, and the defendant can not predicate error as to his conviction because of an order erroneously entered directing the destruction of the liquors found under the search warrant. The evidence, however, discloses that the officer finding such liquors was acting under and by virtue of a search warrant issued out of the county court, and the proceedings had in the district court, being in a court of general jurisdiction, will be presumed to have been regular, and it will be presumed that jurisdiction over the property was obtained by filing the affidavit required by statute.

Perceiving no error in the record, the judgment is

AFFIRMED.

NOTE.—See the question of statutory evidence discussed in *Commonwealth v. Williams*, 6 Gray [Mass.] 1, opinion by Merrick, J., dissenting opinion by Thomas, J.—REPORTER.