KERMIT C. NELSEN, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

68 N. W. 2d 194

Filed January 28, 1955. No. 33654.

*Robert B. Waring*, for plaintiff in error.

*Clarence S. Beck*, Attorney General, and *Richard H. Williams*, for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This matter comes here on petition in error. Petitioner, hereinafter called the defendant, was charged

under section 28-411, R. R. S. 1943, with assault and battery. He was found guilty in county court, fined $100, and sentenced to jail for 60 days. Defendant appealed. A jury in district court found him guilty. He was sentenced to serve 20 days in jail.

We affirm the judgment of the trial court.

Defendant argues three assignments of error here.

The defendant had a contract to tear down a two-story building on the west side of a street in Hebron that had been damaged by a cyclone. To do that he was using a tractor with cable attached to haul material from the building to the street. It was expedient when doing so to have the tractor pull diagonally in a northeast direction across the street and, when so used, north and southbound traffic was blocked by the tractor and cable. When the tractor and cable were not so extended, southbound traffic was blocked by a barricade built half way across the road. This, as we read the record, permitted southbound traffic only on the east half of the street. To prevent traffic moving through there, defendant had a guard stationed who directed southbound traffic through an alley. The alley passage was closed to southbound traffic when the tractor and cable were in an extended position.

To prevent northbound traffic from coming through, defendant had placed a truck in the street at right angles to the curb and across the traffic lane. There is a dispute in the evidence as to when it was put there, but it was there when the events now recited followed.

The complaining witness, hereinafter called Adcock, was one of four persons in an automobile who were going south at this point. They drove into the line of travel of the tractor and then found the path blocked by the truck. Adcock got out of the car, went to and got into the truck, and released the clutch and permitted it to move forward a short distance (the maximum fixed in the record is 6 feet) sufficient to permit passage of a car. Defendant's testimony is that, from the

building, he ordered the car out of the way of the tractor, and ordered Adcock to leave the truck alone.

Defendant then came into the street. Adcock had at that time left the truck and was returning to his car. Defendant came up to Adcock, turned him around, and struck him in the face. The blow was sufficient to cause bruises, bleeding, and a broken tooth. Adcock fell to the ground. Only the one blow was struck. Defendant at first testified that he pulled Adcock out of the truck and "hit him." Later, on cross-examination, defendant stated that he did not know where Adcock was when he was hit. Two of the State's witnesses and two of defendant's witnesses stated that Adcock was on his way back to the car when he was hit. At the argument on the motion for a new trial, it was conceded that Adcock was entirely out of the truck when the assault occurred.

Defendant requested an instruction on the maxim "Falsus in uno, falsus in omnibus." The court refused to give it. Defendant argues error. Without discussing the evidence upon which defendant relies, we deem it sufficient to call attention to our holding in Knihal v. State, 150 Neb. 771, 36 N. W. 2d 109, 9 A. L. R. 2d 891, wherein we held: "It is not prejudicial error for the trial court to fail or refuse to give an instruction to a jury based on the maxim, 'He who speaks falsely on one point will speak falsely upon all.'" Our reasons for the rule are there stated and need not be repeated. We adhere to that holding.

The defendant next argues an assignment of error that the trial court refused to give the jury an instruction to the effect that a person may with reasonable force defend his property as well as his person when invaded. The difficulty with defendant's position is that his person was not "invaded" and whatever invasion of his property occurred was a completed act when the assault occurred. Defendant's anger, followed by the assault, may have been provoked by what Adcock

did, but obviously it was not an act in defense of his property. That invasion had ended before the assault. The necessity, if any, for the use of force had passed.

The rule is: "To render the failure to give an instruction prejudicially erroneous, it is not sufficient that correct abstract propositions of law are therein embodied, but in addition it is requisite that such propositions be applicable to facts, at least in some degree, inferable from the evidence." Wells v. State, 47 Neb. 74, 66 N. W. 29. See, also, Kirkendall v. State, 152 Neb. 691, 42 N. W. 2d 374.

Finally, defendant argues that the sentence to jail is excessive and asks that our statutory authority be exercised in reducing the sentence to a fine.

The long-followed rule is: "Where the punishment of an offense created by statute is left to the discretion of a court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed unless there appears to be an abuse of such discretion." Young v. State, 155 Neb. 261, 51 N. W. 2d 326.

We find no abuse of discretion here.

The judgment of the trial court is affirmed.

AFFIRMED.