GEORGE WILLIAM BLACKSTONE, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

105 N. W. 2d 744

Filed November 10, 1960. No. 34779.

*Thomas P. Lott,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Homer G. Hamilton,* for defendant in error.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is a criminal action which was prosecuted in the name of the State of Nebraska by the county attorney of Douglas County against George William Blackstone who was charged by information with the offense of assault with intent to commit robbery. On this charge he was convicted by the verdict of a jury and sentenced by the court to serve a term of 7 years in the Nebraska State Penitentiary. He has filed in this court a petition in error wherein he declares that he was erroneously convicted and sentenced, and by which he seeks a reversal of the conviction and sentence. He is plaintiff in error here but for convenience will be referred to as the defendant. The State is defendant in error but will be referred to as the State.

By the information on which the defendant was tried it is charged that on or about June 27, 1959, the defendant in the county of Douglas and State of Nebraska committed an assault upon Betty Mae Higley with the intent to commit a robbery. It was on this charge that the defendant was convicted and sentenced.

The brief of defendant contains three assignments of error on which he predicates a claim that he is entitled to a reversal. Only one of them requires consideration. By this one it is asserted that the court erred in submitting the charge to the jury. The basic contention is that the State failed to prove the charge and that on that account a motion for directed verdict made at the close of the State's evidence and again at the close of all the evidence should have been sustained.

There are of course two essential elements of the

crime charged against the defendant. The two are the assault and the intent with which it was committed.

The evidence taken at the trial was sufficient to sustain a verdict that a violent and vicious assault was committed upon Betty Mae Higley, who will be referred to hereinafter as the prosecutrix, and that it was committed by the defendant. One witness, and the only one outside the prosecutrix who observed the incident, identified positively the defendant as the person who committed the assault. The prosecutrix, as the result of observation made during the assault and her view of the defendant afterwards, gave it as her opinion that the defendant committed the assault.

If therefore the verdict and sentence must be set aside it must be on account of the failure of the proof of intent to commit a robbery of the prosecutrix.

Intent necessary to constitute the offense with which the defendant is charged is specific intent to commit a robbery. Before it may be said that the conviction may be sustained it must be found that this specific intent has been proved.

In Vallas v. State, 137 Neb. 250, 288 N. W. 818, this court said: "The authorities are agreed on the general proposition that, in a prosecution for assault with intent to kill, the specific intent to take life is the gist of the offense. The intent must be proved as charged."

That was a case involving intent to kill rather than intent to rob as here. The rule however is the same in all situations where specific intent is an element of a crime. See, 22 C. J. S., Criminal Law, § 32, p. 91; Botsch v. State, 43 Neb. 501, 61 N. W. 730; Swartz v. State, 121 Neb. 696, 238 N. W. 312; Garofola v. State, 121 Neb. 850, 238 N. W. 755.

A review of the evidence on the question of whether or not intent was proved discloses that on the date mentioned the prosecutrix and one Evelyn Rochford were with their husbands in attendance at the races being held at Ak-Sar-Ben Field and that while there

the two women entered a restroom provided for women. Inside the facility were at least two individual compartments. These have been referred to as toilets. After the two went in, the prosecutrix entered one of the compartments. Evelyn Rochford remained outside at least a part of the time in the vicinity of or in front of a mirror. The prosecutrix had with her a purse. She said that as she came out of a door a man struck and continued to strike her violently. From the record it may not be determined whether the door from which the prosecutrix was emerging was the door to the compartment or a door to the restroom. It appears inferentially to have been the door to the compartment. Evelyn Rochford turned and saw the man striking the prosecutrix. At the trial, as pointed out, this witness identified the defendant as the assailant. The two women screamed, Evelyn Rochford ran for help, and the assailant fled. Soon thereafter and some considerable distance away the defendant was apprehended. There is evidence that when apprehended he had fresh blood on one of his hands.

The substance of the theory of the State as to intent is that the intent of the defendant was to take from the prosecutrix her purse. On the record nothing else could have been the subject of the alleged intent.

The prosecutrix testified that at the time of the assault she had the purse in her hand. After the assault it was found on the floor in one of the compartments. Whether it was in the one which had been occupied by the prosecutrix or another one does not clearly appear. The prosecutrix did not testify that her assailant attempted to take the purse from her or that by any act he indicated that he intended to take it. She did not testify that he made any remark which directly or in essence indicated an intention to take the purse. In truth, no inquiry was made of her on the trial the effect of which was to seek to elicit information on the subject of the intent of the assailant. Evelyn Rochford,

the only other witness to the incident, did not testify to anything from which it could be said that there was an intent to take the purse. She testified that she did not know that the purse had been missing until the prosecutrix told her it had been returned.

There is other evidence relative to the purse but none that amounted to competent evidence bearing upon the intent of the assailant. Fay Hiykel, a detective sergeant of the Omaha police force, who came onto the scene after the assault testified: "I then ran to the women's lavatory, and they said a woman had been assaulted and some one grabbed her purse."

Ceola Turner, a restroom attendant, testified that she saw the assailant running away from the scene. She testified that "they" said the prosecutrix missed her pocketbook, and one of the ladies said it was in the toilet. The witness said she went and got it and gave it to one of the ladies. She further testified that the prosecutrix stated that her purse had been taken.

The statements of the witnesses Hiykel and Turner cannot be regarded as proof of an intent to commit a robbery. On their face they are not and do not purport to be direct statements of fact or of circumstances based upon knowledge in proof of an intent to commit a robbery by the assailant. There is no other evidence in the record bearing on this question.

This record leaves the element of intent necessary to sustain a conviction without any evidentiary support. This renders the conviction and sentence erroneous. The judgment of the district court is reversed.

REVERSED.

SIMMONS, C. J., participating on briefs.