STATE OF NEBRASKA, APPELLEE, v. RAYMOND J. NICHOLS, APPELLANT.

123 N. W. 2d 860

Filed October 18, 1963. No. 35472.

Robert V. Burkhard, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

This is a criminal action brought by information against the defendant, Raymond J. Nichols, charging him with leaving the scene of an accident involving personal injury or death in violation of section 39-762, R. R. S. 1943.

Two questions are presented by the appeal:

1. That the verdict is not sustained by sufficient evidence.

2. That the court committed prejudicial error in giving instruction No. 8 relating to circumstantial evidence.

The evidence for the State discloses that the defendant, on the afternoon of August 4, 1962, picked up one Velma Byrd in his 1954 yellow and white Buick, drove to Nineteenth and Leavenworth Streets, Omaha, Nebraska, parked his car and put the keys in his pocket, together with Byrd spent the early part of the afternoon in a friend's apartment, and later all three retired to the Russell Bar immediately below the friend's apartment and continued the drinking which had begun earlier in the friend's apartment. Arguments ensued between Byrd and the defendant. The defendant left and went to another bar, and Byrd and the friend, Turner, followed. After some conversation, Byrd and Turner left, and the defendant left about a half hour later and returned to the Russell Bar where he encountered Byrd and Turner again at about 12:30 a.m. on August 5, 1962. The defendant and Byrd argued and he slapped Byrd, and tore her blouse, following which the defendant was escorted out of the bar by two bartenders, one of whom was Dennis Parr. Byrd, fearful that the defendant would assault her, stayed in the bar with Turner until closing time, 1 a.m. Shortly after 1 a.m., Parr, the bartender, while he was outside dumping refuse, heard the screeching of brakes, heard a crash, and as he rounded the corner running, observed a vehicle a few feet from the east curb of Nineteenth Street, and about 15 feet south of the intersection with Leavenworth Street, facing east, and observed a man lying on Nineteenth Street near the east curb, his head directly in front of the vehicle. The vehicle backed up and Parr came up to within a foot or two of the vehicle, looked inside, and saw the driver whom he immediately recognized as the defendant. Byrd, narrowly missing being hit, also identified the defendant. Parr yelled, "don't run," but the defendant left the scene, driving north on Nineteenth Street without identifying himself to the person struck and

without rendering him assistance. Parr telephoned the rescue squad, returned to the scene, and observed that the person struck was bleeding around the head and face and appeared to be unconscious. The rescue squad arrived and Adolph Jansenius, the person struck, was removed to the county hospital.

The applicable rule in this case with reference to the question of the sufficiency of the evidence was stated recently in State v. Wilson, 174 Neb. 86, 115 N. W. 2d 794, as follows: "It is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence. * * * In a criminal action this court will not interfere with a verdict of guilty based upon conflicting evidence unless the evidence is so lacking in probative force that as a matter of law it is insufficient to support a finding of guilt beyond a reasonable doubt."

The defendant first argues the credibility and weight of the bartender's testimony which is admittedly crucial to the State's case. He argues a lack of corroboration of Parr's testimony in identifying the defendant as the driver of the car at the crash scene and further contends Parr's testimony is impeached because he identified the car as a yellow 1953 or 1954 Buick, whereas it was yellow and white. He also argues that Parr in some of his testimony identified the defendant by the name of "Jerry" and that, therefore, the probative force of Parr's testimony is destroyed as a matter of law. He contends the fact that Parr was running and ran up to the scene of the accident produced a state of excitability in Parr destroying the credibility of his identification of the defendant when he reached the car at the crash scene. He also argues that the defendant could not have left the bar, got in his car, and drove the short distance to where the accident occurred in the time that Parr took to leave the bar and go about 40 feet to a trash barrel at the time he heard a screeching of brakes and a crash.

There is no requirement, either case defined or statu-

tory, as to corroboration of identification of accused for the crime charged. The other contentions are clearly directed to the weight and credibility of the witness and wholly within the province of the jury. We point out that the partial color identification of the vehicle, under the circumstances, adds to the probative force of Parr's testimony. Also, the argument as to shortness of time lapse between the time Parr left the Russell Bar building and the time of the accident is premised on the unwarranted assumption that the defendant left the building at almost exactly the same time. There is no merit to these contentions as to sufficiency of the evidence.

The defendant argues lack of proof of corpus delicti, or the "body of the crime," because Jansenius, the injured person, was not identified at the scene. But, Jansenius testified he left the bar at closing time, 1 a.m., waited perhaps 10 minutes, and started to cross the street to his car which places him at the scene of the accident. Further, the police officer dispatched to the scene of the accident testified that the injured person was Adolph Jansenius. There is no evidence that there was another accident at or near the scene of the defendant's accident, either in point of time or place. Short of direct identification by name of a witness actually viewing the accident, it is difficult to see how proof could be more conclusive as to this element. There is no merit to this contention.

The defendant now argues error in instruction No. 8. The portion of this instruction attacked is: "In order to warrant a conviction on circumstantial evidence, the circumstances, taken together, must be of such conclusive nature and tendency as to produce a reasonable and moral certainty that the accused committed the offense charged."

The failure of this language to include the injunction that the facts and circumstances must be of such a conclusive nature as to exclude to a moral certainty every rational hypothesis except that of guilt is asserted as

prejudicial error. The jury must determine if there are other reasonable theories consistent with innocence and exclude them to a moral certainty. Hansen v. State, 121 Neb. 169, 236 N. W. 329.

However, all instructions must be read together and and if the instruction or instructions taken as a whole correctly state the law and are not misleading, there is no prejudicial error. Instruction No. 8 contains the following further language immediately following that portion of the context challenged: "* * * *if all the facts and circumstances relied upon by the State to secure a conviction can reasonably be accounted for upon any theory consistent with the innocence of the defendant, then the jury should acquit him." (Emphasis supplied.)

Taken as a whole, this instruction demands a positive finding that the evidence is of such a conclusive nature as to produce a reasonable and moral certainty of guilt and requires the jury to acquit if there is any reasonable theory consistent with the defendant's innocence. This instruction, if anything, is more favorable to the accused than the minimum boundaries set in Hansen v. State, supra. The Hansen case requires a choice among rational hypothesis or theories of guilt. It demands a finding that the weight of the evidence produces a conclusion that excludes every rational theory but guilt. This instruction demands acquittal if any reasonable theory or hypothesis is consistent with innocence. There is no error in instruction No. 8. The assignments of error, therefore, may not be sustained. The judgment of the trial court is correct and is affirmed.

AFFIRMED.