STATE OF NEBRASKA, APPELLEE, v. RICHARD H. JONES, APPELLANT.

158 N. W. 2d 278

Filed April 26, 1968. No. 36832.

William H. Sherwood, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

The defendant, who was convicted of the crime of burglary and sentenced to a term of 3 years in the Nebraska Penal and Correctional Complex, perfected an appeal to this court.

On the evening of March 6, 1967, a witness from a window across the street observed the municipal building at Holbrook, Nebraska, being burglarized and copper wire being removed therefrom by two men and placed in the trunk of an automobile. This witness telephoned

to another part of the municipal building where the village board was meeting. Two of those present at the board meeting immediately went to the scene. They apprehended Clinton Jones who was getting into the car which he owned and in which the copper wire, was loaded. The other participant escaped. Clinton Jones, who had previously pleaded guilty, testified at the trial, implicating the defendant in the burglary. The witness who observed the burglary testified that she observed each of the men pushing a roll of copper wire to the car.

Defendant was positively identified as the, man who ran from the building by Doctor Robert L. Stear, one of the men who assisted in the capture of Clinton Jones and thereafter chased the escaping participant. Defendant admitted that he was on the scene of the crime and that he ran away, but testified that he had not engaged in the burglary which was planned and carried out by his cousin without his prior knowledge, consent, or participation. Defendant's testimony is that he left when he learned what Clinton planned to do but came back to insist that Clinton take him away. He observed the wire in the trunk and before he could leave two men came around the corner and defendant took off.

Defendant alleges three assignments of error: (1) That he was denied a fair and impartial trial because he was asked if he had ever previously been convicted of a felony; (2) that he was denied a fair and impartial trial because of the volunteer statements of two witnesses suggesting a previous burglary; and (3) that the court erred in refusing defendant's requested instruction on the effect of his presence at the scene of the burglary.

Defendant testified in his own defense. On cross-examination the prosecuting attorney asked him the following question: "Mr. Jones, have you ever been convicted of a felony?" Defendant's counsel objected to the question and moved for a mistrial. The trial court sustained the objection but overruled the motion for a

mistrial. We are at a loss to understand the reason the trial court sustained the objection to the question. It was strictly in accord with section 25-1214, R. R. S. 1943. Defendant's credibility was definitely an issue, and the question was in proper form.

In Latham v. State, 152 Neb. 113, 40 N. W. 2d 522, we said: "The statute (§ 25-1214, R. R. S. 1943) provides that: 'A witness may be interrogated as to his previous conviction for a felony, but no other proof of such conviction is competent except the record thereof.' A defendant in a criminal case who becomes a witness subjects himself to the rules applicable to other witnesses." See, also, State v. Clingerman, 180 Neb. 344, 142 N. W. 2d 765. There is no merit to this assignment of error.

Defendant's next assignment of error is directed to the following testimony of Doctor Robert L. Stear: "A. We received a telephone call at the Town Board Meeting, a telephone call from Mrs. Hines, *and she said they are doing it again,* they are rolling wire—" and to the following testimony of George Robert Shackelton: "A. Well, to start out, Sheriff Babcock, he had come up to Holbrook that evening and we rode around, cruised in his car for awhile. Then, he said he had to get back to Beaver City, and so he got in his car and left. I got back in my own car and started cruising town. They were having Village Board meeting this evening at the light plant and like I say I was cruising the town, and I cannot tell you the exact time, but I came down around the depot and swung back to main street, and there was a commotion in behind the light plant and I drove in and *they said that they had struck again.*" (Italics supplied.)

Defendant's objections to the testimony in both instances were sustained. Defendant also moved that Shackelton's answer be stricken. The court sustained this motion and instructed the jury to disregard the statement "struck again."

In addition to the fact that defendant's objections were sustained, we are unable to understand how defendant could be prejudiced by these statements. The testimony did not connect him with any previous burglary. The testimony did not refer to the defendant. The "they" used by the witnesses was never identified. Further, the court specifically instructed the jury as follows: "You should not make any inferences from questions asked, and as to which objections were sustained; and you must disregard any evidence that was ordered stricken; * * *." There is no merit to defendant's second assignment of error.

Defendant's third assignment of error involves the following requested instruction, which was denied by the court: "The mere presence of an accused at the scene of a crime is not sufficient to make him a participant, nor is he guilty merely because he does not act to prevent the crime; however, his presence at the scene of the crime is a circumstance tending to support a finding that he is a principal." The trial court adequately and fully instructed the jury on the issues involved and the law of the case. It required the jury to do much more than find that the defendant was present at the scene of the crime. The jury was required to find that the defendant was not only present but that he actually participated in the burglary. The instructions were more favorable to the defendant than they would have been had the requested instruction been given as submitted. As the trial court suggested in overruling defendant's motion for a new trial, if he had given the instruction as submitted by the defendant it would have necessitated the giving of an instruction on "flight," which was not given. All instructions must be read together and if the instructions taken as a whole correctly state the law, are not misleading, and adequately cover the issues. there is no prejudicial error. State v. Nichols. 175 Neb. 761, 123 N. W. 2d 860.

For the reasons given, we find no prejudicial error in

this case. The judgment and sentence of the trial court is affirmed.

AFFIRMED.