STATE OF NEBRASKA, APPELLEE, v. GARY DAVIS, APPELLANT.

183 N. W. 2d 753

Filed February 19, 1971. No. 37645.

Raymond E. Baker and Noyes W. Rogers, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is a criminal prosecution brought under section 28-410, R. S. Supp., 1969, in which the jury returned a verdict of guilty of shooting with intent to wound or maim. Error in the instructions is the sole ground assigned on appeal. We affirm the judgment and sentence of the district court.

Since there is no question presented concerning the sufficiency of the evidence, only a brief recitation of the facts is necessary for the disposition of the issues in this case. About 8 p.m., on November 24, 1969, the defendant, in the company of two brothers and two friends, went to a park in Columbus, Nebraska, in an automobile. The purpose was to settle an argument with an unidentified and unnamed person. On arriving at the park the defendant and several of his friends were approached by a group of young men referred to in the record as the "Scotus" group. An argument, abusive threats, the use of vile and abusive language, and other indications of violence ensued. Some of the members of these two groups were armed with clubs, pipes, and chains. On the approach of the larger "Scotus" group the defendant Davis and his friends returned to the two automobiles available to them. Davis entered the back seat of one of the automobiles, took a pistol from the back seat, held it out the back window, and fired it at an angle toward the ground. After firing the shot, both automobiles of the Davis group left. One bullet either directly or by ricochet lodged in the hand of one Michael Pollard. This incident gave rise to the arrest and prosecution of the defendant Davis.

The crime charged, of course, requires a specific intent. Blackstone v. State, 171 Neb. 155, 105 N. W. 2d 744; 22 C. J. S., Criminal Law, § 32, p. 115. The State and the defendant's counsel agree that the only issue presented here is whether or not the jury was properly instructed as to the requisite specific intent which is required in order to have found defendant guilty as charged of shooting with intent to wound or maim. Boiled down, the defendant contends that the giving of instructions Nos. 8 and 10 withdrew from the jury the material element of a specific intent to wound or maim.

The defendant would have us separately consider instructions Nos. 8 and 10. The law is well settled, however, that no such fragmentation is permissible. All of the instructions relevant to this issue must be construed together. Jury instructions must be considered collectively; and even though a single instruction, if considered alone, might be incomplete, if the charge as a whole correctly states the law the verdict and judgment will not be reversed. State v. Hall, 176 Neb. 295, 125 N. W. 2d 918; Parsons v. State, 61 Neb. 244, 85 N. W. 65.

Instruction No. 3, in pertinent part, states: "Under the information in this case, depending on the evidence, you may find the defendant:

"a. Guilty of maliciously shooting with *intent to wound or maim;* or

"b. Guilty of assault and battery; or

"c. Not guilty.

"The material elements which the state must prove by evidence beyond a reasonable doubt in order to convict the defendant of the crime charged, of shooting *with intent to wound or maim,* are:

"1. That the defendant, Gary Davis, did maliciously shoot at Michael Pollard with the *intent to wound or maim;* * * *

"The state has the burden of proving * * * shooting *with intent to wound or maim* necessary for conviction.

"If you find from the evidence * * * defendant guilty

of the crime of shooting *with intent to wound or maim*, * * *.

"On the other hand, * * * it is your duty to find the defendant not guilty of the crime of shooting *with intent to wound or maim.* You shall then proceed to consider the lesser included offense of assault and battery." (Emphasis supplied.)

In instruction No. 8 the court then separately instructed upon the issue of intent as follows: "The *intent* with which an act is done is a *necessary element* as to *the charge* against the defendant. Intent is a mental process and, as such, generally remains hidden within the mind where it is conceived. It is rarely, if ever, susceptible of proof by direct evidence, but may be inferred from outward manifestations, by words and acts of a person, and all the facts and circumstances. It is for you to determine from all of the facts and circumstances in evidence whether or not *the defendant committed the act complained of, and whether at such time he had criminal intent.*" (Emphasis supplied.)

It is clear that numbered paragraph 1 of the required elements set forth in instruction No. 3, separately and specifically required proof of the shooting of Michael Pollard "with the intent to wound or maim." In the further paragraphs of this instruction the court admonished the jury that it must find beyond a reasonable doubt that *every one* of the material elements of the crime of "shooting with *intent to wound or maim*" was necessary for conviction. In this basic instruction the separate element with "intent to wound or maim" appears a total of six times.

Harmonious with instruction No. 3, instruction No 8 relates entirely to the separate element of intent referred to in instruction No. 3. The first sentence of this instruction states: "The intent *with which an act is done* is a necessary element as to *the charge against the defendant.*" At this point it is impossible to draw any other conclusion than that the court was referring to the

specific intent to wound or maim mentioned six times in instruction No. 3. In the further language of instruction No. 8, the standard method of determining intent is given the jury and no quarrel is made with this language. Contrary to the defendant's contention, however, the last sentence of instruction No. 8 specifically again advises the jury, in substance, that it must find (1) that the defendant committed the act complained of, and (2) whether he had the requisite "criminal intent." It is inconceivable that a jury could construe the last portion of the last sentence in instruction No. 8 as referring to any other intent than the one mentioned in the first sentence in which it is specifically said that the intent was a necessary element in the charge against the defendant, which again refers by necessary implication to the "intent to wound or maim" burden of proof in instruction No. 3. We can find no error in the instructions given by the court either individually or when analyzed in context together.

Interwoven in the defendant's main contention is the suggestion that the giving of identical instructions Nos. 8 and 10 would serve to confuse the jury as to the requisite intent involved. This, the defendant argues, because of the court's submission of the lesser offense of simple assault and battery which does not require a specific intent. See, Miller v. Olander, 133 Neb. 762, 277 N. W. 72; Elliott v. Brandt, 164 Neb. 790, 83 N. W. 2d 767; 6 Am. Jur. 2d, Assault and Battery, § 20, p. 24. We feel that the contrary inference must be drawn from this situation. It is clear that the giving of the duplicate instructions Nos. 8 and 10 was a mere inadvertence. If the duplicate instructions were taken by the jury to refer to both offenses, the defendant cannot complain because it would require the jury to find a specific intent as an element of simple assault and battery. Of course this is not the law. See, Miller v. Olander, *supra;* Elliott v. Brandt, *supra.* A defendant cannot complain of an instruction which is more favorable to him than he de-

serves, even though it might be technically inaccurate as to the issues. State v. Swanson, 179 Neb. 693, 140 N. W. 2d 618. The rule is that the repetition of instructions, or a portion thereof, does not require a reversal unless it indicates that the effect thereof is to mislead or confuse the jury or to give undue prominence to an aspect of the case unfavorable to the party claiming error. Robinson v. State, 71 Neb. 142, 98 N. W. 694; Kraft v. Fundum, 175 Neb. 821, 124 N. W. 2d 225. There is no merit to this contention.

It is true that the defendant's requested instruction did contain a separate reiteration of the phrase "at such time he had specific intent to wound or maim." It is not error to refuse a requested instruction if the court on its own motion has given the substance of such request in the actual charge to the jury. State v. Jones, 183 Neb. 133, 158 N. W. 2d 278; State v. McCreary, 179 Neb. 589, 139 N. W. 2d 362; State v. Lewis, 177 Neb. 173, 128 N. W. 2d 610.

The trial court's instructions were free from error, a duplication of instructions was not prejudicial, and the judgment of the district court is correct and is affirmed.

AFFIRMED.

SPENCER, J., participating on briefs.