STATE OF NEBRASKA, APPELLEE, V. DOUGLAS LEE TEMPLE, APPELLANT.

225 N. W. 2d 422

Filed January 30, 1975. No. 39609.

Edmund W. Hollstein, Charles A. Fisher, and Charles F. Fisher, for appellant.

Clarence A. H. Meyer, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

A jury found the defendant guilty of assault and battery. His assignments of error deal primarily with his contention that he acted in self-defense and with the court's refusal to give instructions requested regarding the defense of self-defense. He also complains that the court omitted the word "unlawfully" in defining the elements of assault. We affirm.

A review of the record completely fails to substantiate defendant's claim that he acted in self-defense. Two young men were lying on the ground fighting. All witnesses, except defendant, concede that E. A. Anderson came on the scene, went to the fighters, bent over, placed a hand on one or both, and advised them to break it up. Defendant admits this except he states he did not know what Anderson was doing or intended. Defendant put his arm around Anderson, jerked him upright and struck him twice, knocking out six teeth. Defendant's intervention was completely unjustifiable.

. It is not error to refuse an instruction on an issue which is not supported by the evidence. See, Nelson v. State, 159 Neb. 663, 68 N. W. 2d 194; Pulliam v. State, 167 Neb. 614, 94 N. W. 2d 51; Bell v. State, 159 Neb. 474, 67 N. W. 2d 762.

In instructing on the elements of the offense of assault and battery, the court did not state that the assault must be "unlawful." The court did define the term "assault" in a subsequent instruction which stated that it was "a wrongful offer or attempt with unlawful force or threats, made in a menacing manner, to inflict bodily injury upon another with present apparent ability to give effect to the attempt." Considering the two instructions together, it is clear that the jury could not have been misled or the defendant prejudiced. Related instructions must be read and construed together and if when so read and construed they correctly state the law, there is no error. See, State v. Jackson, 186 Neb. 22, 180 N. W. 2d 134; State v. Davis, 186 Neb. 457, 183 N. W. 2d 753.

The judgment of the District Court is affirmed.

AFFIRMED.