STATE OF NEBRASKA, APPELLEE, v. DOUGLAS LEE TEMPLE, APPELLANT.

236 N. W. 2d 835

Filed December 24, 1975. No. 40169.

Fisher & Fisher, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The defendant was convicted of assault and battery and sentenced to 20 days imprisonment in the county jail. The judgment was affirmed by this court in State v. Temple, 193 Neb. 89, 225 N. W. 2d 422.

On March 26, 1975, after the mandate had been received and filed in the District Court, the defendant filed an application for work release. The application was denied but the sentence was suspended and the defendant's bond continued. The defendant has appealed and contends the trial court erred in refusing to grant his application for work release.

The work release law, which was enacted in 1969, provides that any person sentenced to a city or county jail may be granted the privilege of leaving the jail during necessary and reasonable hours for certain specified purposes. § 47-401, R. R. S. 1943. Working at his employment or conducting his own business or other self-employed occupation are among the authorized purposes set out in the statute. Petitions for work release should be filed in the sentencing court. § 47-402, R. R. S. 1943.

The defendant's application alleged the defendant had approximately 1,400 to 1,500 cows and calves in South Dakota, at a location approximately 80 miles from Rush-

ville, Nebraska, and that it was necessary for the defendant to be present during the day to look after the cattle and conduct his business. The defendant requested that he be allowed to serve his sentence in the Pennington County jail in Rapid City, South Dakota, and be allowed to leave the jail at 6 o'clock a.m. and return at 8 o'clock p.m. on each day of the sentence. The law provides the sentencing court may arrange for a sentence to be served in a different county. § 47-407, R. R. S. 1943.

Apparently, no showing was made in support of the application, other than the application itself. There is nothing in the record to show why the application was refused other than some indication that the trial court did not believe there would be any particular hardship on the defendant or his family if the application was denied.

Work release is a privilege that may be granted by the sentencing court. It is not a right which must be granted to all prisoners. We think the statute gives the sentencing court a broad discretion in ruling on petitions for work release, and a denial of the privilege should not be subject to review except where there has been a clear abuse of discretion. The record here fails to show a clear abuse of discretion.

The order of the District Court is affirmed.

AFFIRMED.