STATE OF NEBRASKA, APPELLEE, v. TERRY M. BRAASCH, APPELLANT.

242 N. W. 2d 119

Filed May 26, 1976. No. 40360.

Stephen A. Scherr, for appellant.

Paul L. Douglas, Attorney General, and Paul W. Snyder, for appellee.

Heard before WHITE, C. J., SPENCER, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ., and KUNS, Retired District Judge.

McCown, J.

The defendant, Terry M. Braasch, was originally charged with first degree murder. As the result of a plea bargain, the charge was reduced to second degree murder and the defendant pleaded guilty to that charge. He was sentenced to life imprisonment. The sole question on this appeal is whether the sentence is excessive.

The defendant was born February 21, 1948, in Hastings, Nebraska, and lived there all his life. He was graduated from Hastings High School in 1966. In November of 1968, he went to work at a machine shop, where he worked as a machinist until the time of the murder except for a brief period in 1974. During the period of his employment at the machine shop there was considerable friction between the defendant and his shop foreman, Loren Bolte. Defendant resented Bolte and felt that Bolte was edging him out of his job. For several days prior to March 13, 1975, the defendant had thought about killing Bolte and how to do it. On the evening of March 13, 1975, the defendant put a 12-gauge shotgun and three shells in his pickup. The next morning he drove to work, arriving about 7:45 a.m. He put one shell in the shotgun, the other two in his pocket, and went into the shop with the gun. Bolte was the only person there. Defendant told Bolte he intended to shoot him. Bolte started to run and the defendant shot him in the upper back. Bolte fell and dragged himself a few feet across the floor. The defendant ejected the spent shotgun shell, reloaded the shotgun, walked closer to Bolte, and shot him in the head. Bolte died immediately. The defendant then walked to his truck, drove to the police station, and turned himself in.

The defendant was 27 years old, married, and the father of an infant son. An examination by a psychiatrist found no mental disorder, nor any evidence of neurosis or psychosis. The presentence investigation re-

port was essentially good. The only prior offenses were minor traffic violations.

The defendant contends that his previous good record warranted and required the imposition of less than a life sentence. His previous good record, however, cannot erase the fact that the crime here was cold, calculated, premeditated, violent murder, and the defendant was not even remorseful about that murder. The facts would justify a conviction for first degree murder and the minimum penalty for that crime is life imprisonment. The penalty for second degree murder is imprisonment for not less than 10 years or for life. There was no abuse of discretion here.

A sentence within statutory limits will not be disturbed on appeal unless there is an abuse of discretion. State v. Blankenship, 195 Neb. 329, 237 N. W. 2d 868.

AFFIRMED.