STATE OF NEBRASKA, APPELLEE, V. FRANCES WRIGHT, APPELLANT.

243 N. W. 2d 66

Filed June 16, 1976. No. 40493.

Judy L. Raetz, for appellant.

Paul L. Douglas, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

The defendant, Frances Wright, was charged with assault and battery in the county court of Dawes County, Nebraska. A jury found her guilty and she was sentenced to 30 days in jail. On appeal the District Court affirmed the conviction and sentence.

Frances Wright, the defendant, and Karilyn Cook were both students at Chadron State College and lived in the same dormitory. On the evening of March 20, 1975, both girls were drinking in the same bar, but with different groups. Sometime before midnight they met again at another club. Sometime later, when the two girls were in a restroom, the defendant seized Karilyn by her hair and accused her of spreading gossip about the defendant. The defendant struck Karilyn across the face and shouted at her, but Karilyn was rescued by another girl. When Karilyn and her escort started to leave the club, the defendant again "grabbed" Karilyn and they tumbled to the ground together. Karilyn's escort intervened and drove Karilyn back to the dormitory. They were talking in the car when the defendant arrived at the dormitory. The defendant asked Karilyn to get out of the car. Karilyn refused and tried to shut the car door but the defendant dragged her out of the car onto the ground and proceeded to strike her around the head and face, and, when others intervened, kicked Karilyn in the shoulder or face. Karilyn had a bloody nose and bruises and contusions around the head and face. She was taken to the hospital where she remained for more than 24 hours.

The defendant first contends that the trial court erred in overruling defendant's motion to dismiss the jury panel on the ground that it was selected in a manner which systematically excluded Indians, and, in particular, because the selection of jurors was made from voter

registration lists which exclude Indians because they are not registered to vote in as great a proportion as are other identifiable groups of the population generally. The defendant's arguments attack the constitutionality of the Nebraska system of jury selection by voter registration lists.

The defendant is an Indian, but aside from that fact there is no evidence in the record of the makeup of the jury panel; nor the number of Indians in Dawes County, Nebraska; nor the number of those Indians registered to vote. Neither is there any evidence that Indians constitute an identifiable group in Dawes County, Nebraska, nor that they were in any way excluded from jury service. For all practical purposes, defendant's arguments constitute an evidentially unsupported attack on the Nebraska system of selecting jurors by the use of voter registration lists. This court has already held that the Nebraska system of selecting jurors by the use of voter registration lists is constitutionally permissible. State v. Casados, 188 Neb. 91, 195 N. W. 2d 210.

In that case we also held that a defendant in a criminal case is not constitutionally entitled to demand a proportionate number of his race on the jury which tries him nor on the venire or jury roll from which petit jurors are drawn. See, also, United States v. Freeman, 514 F. 2d 171 (8th Cir., 1975).

The defendant also contends that the trial court erred in refusing to give an instruction on self-defense requested by the defendant. The defendant relies upon the rule that it is the duty of the court, upon request, to instruct the jury on the defendant's theory of the case if there is evidence to support it. That rule is undisputed but in this case we can find no evidence to support such an instruction. The defendant's repeated offensive attacks cannot be transformed into self-defense by simply adopting the semantic solution of calling them that. It is not error to refuse an instruction on an issue which

is not supported by the evidence. State v. Temple, 193 Neb. 89, 225 N. W. 2d 422.

Finally, the defendant contends that the sentence of 30 days in jail was excessive. Section 28-411, R. S. Supp., 1974, authorizes imprisonment in the county jail "not exceeding six months" on the charge involved here. A sentence within statutory limits will not be disturbed on appeal unless there is an abuse of discretion. State v. Braasch, *ante* p. 240, 242 N. W. 2d 119. There was no abuse of discretion here.

AFFIRMED.