STATE OF NEBRASKA, APPELLEE, v. CARLOS DeLEON, APPELLANT.

246 N. W. 2d 218

Filed October 20, 1976.  No. 40637.

T. Clement Gaughan and George R. Sornberger, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant pled guilty to a charge of violation of pro-

bation. He was given an indeterminate sentence of 18 months to 3 years imprisonment in the Nebraska Penal and Correctional Complex. He prosecutes this appeal, alleging the sentence imposed was excessive. We affirm.

On August 14, 1975, the defendant was placed on 2 years probation for the offense of burglary. On December 2, 1975, the defendant pled guilty to violation of the terms of his probation. The violation charged was that defendant resisted and abused a Lincoln police officer when he was arrested for burglary and tried to escape. He was tried and convicted in county court for resisting an officer and for petit larceny.

Defendant was 18 years of age at the time he was sentenced. Presentence investigation reveals that he had trouble as a juvenile, at least since 1972. His juvenile record shows a charge of malicious mischief in 1972, and a charge of possession of stolen property and incorrigibility in 1973. In 1974, he was charged with breaking and entering, and theft.

Besides the burglary, which is the basis of his present appeal, he pled guilty in Lancaster County court on March 11, 1975, to concealing stolen property, and was placed on probation for 6 months. On April 16, 1975, he was arrested for the burglary of a residence. He was arrested again on October 26, 1975, for a burglary. A search of his room on October 27, 1975, turned up two checks belonging to the Y.M.C.A. where he worked, and narcotics paraphernalia.

The presentence report indicates that many attempts have been made to help the defendant without avail. It is apparent the District Judge, who previously had been very lenient with defendant, felt the time had come where imprisonment was the only answer. In view of defendant's record, the sentence imposed is on the lenient side. Our law is well settled. A sentence within the statutory limits will not be disturbed on appeal

unless there is an abuse of discretion. State v. Wright (1976), *ante* p. 377, 243 N. W. 2d 66.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.

WHITE, C. J., not participating.
CLINTON, J., concurs in result.